**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

XXXXX XXXXXX,

            Plaintiff,

            v.

NJ JUDICIARY ADMINISTRATION OF
THE COURT, et al.,

            Defendants.

Civil Action No. 19-18983 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants NJ Judiciary Administration of the Court ("NJ Judiciary"), Lori Grimaldi, Jennifer Sincox, Laura Schewitzer, Natalie Myers, Dawn Brevard-Water, and Marissa Quigley's (collectively, "Employee Defendants") (collectively, with the NJ Judiciary, "Defendants") Motion to Dismiss. (ECF No. 5.) Pro se plaintiff XXXXX XXXXXX ("Plaintiff") opposed (ECF No. 7), and Defendants replied (ECF No. 9). The Court has carefully considered the parties' arguments and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## I.    BACKGROUND[1]

    Since January 2012, Plaintiff has been employed as a probation officer with the NJ Judiciary. (Compl. ¶ 20, ECF No. 1.) According to Plaintiff, "racial discrimination is deeply

_____

[1] For the purposes of a motion to dismiss, the Court accepts as true and summarizes the factual allegations of the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

embedded" in the NJ Judiciary and manifests itself through discrimination, differential treatment, harassment, retaliation, and a hostile work environment. (*Id.* ¶ 21.) Plaintiff reported several of these instances by filing (1) a December 2013 Equal Employment Opportunity Commission ("EEOC") complaint alleging discrimination and mistreatment, (*id.* ¶ 22); (2) a Spring 2017 "draft grievance" with her union, the Probation Association of New Jersey, detailing unreasonable work expectations, (*id.* ¶ 23); (3) a November 3, 2017 complaint to Jennifer Sincox, alleging the "discriminatory, rude[,] and unprofessional behaviors" of another employee, Lori Grimaldi, (*id.* ¶ 24); and (4) an August 2018 EEOC complaint alleging discrimination and retaliation, (*id.* ¶ 26).

Plaintiff alleges that her reports, complaints, and grievances were met with (1) retaliation, including two disciplinary complaints and a decreased workload, (*id.* ¶¶ 22–25); (2) harassment, (*id.* ¶¶ 49–67); (3) hostility expressed through, among other things, racial discrimination, social ostracization and bullying, and increased workplace scrutiny, (*id.* ¶¶ 70–79, 83–85); and (4) economic deprivation, (*id.* ¶ 79 ("The Plaintiff is excluded from being considered for overtime.")). Plaintiff further alleges that, despite her efforts to bring these conditions to light, Defendants ignored her and refused to eradicate this discrimination and hostility in the workplace. (*Id.* ¶¶ 3, 6.)

On October 11, 2019, Plaintiff filed the present Complaint against Defendants alleging six counts: Count One for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, (*id.* ¶¶ 34–41); Count Two for retaliation, (*id.* ¶¶ 42–47); Count Three for harassment, (*id.* ¶¶ 48–68); Count Four for hostile work environment, (*id.* ¶¶ 69–86); Count Five for intentional infliction of emotional distress, ("IIED") (*id.* ¶¶ 87–90); and Count Six for tortious interference, (*id.* ¶¶ 91–93). On December 13, 2019, Defendants filed the present Motion, seeking to dismiss the Title VII claim as to Employee Defendants and the IIED and tortious interference claims (the "State Law Tort Claims") as to all Defendants. (Defs.' Moving Br. 5, ECF No. 5-1.)

## II.    LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Where a plaintiff proceeds pro se, the complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). A pro se litigant, however, "is not

absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III.   DISCUSSION

### A.   Title VII Claim Against Employee Defendants

"Title VII prohibits unlawful employment practices by *employers*." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (emphasis added) (citing 42 U.S.C. § 2000e-2(a)). Individual employees, therefore, are not liable under the statute. *Id.*; *see also Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077–78 (3d Cir. 1996) ("[T]he clear majority of the courts of appeals that have considered this question have held that individual employees cannot be held liable under Title VII."). As Plaintiff's employer, NJ Judiciary is the only proper defendant against which a Title VII violation may be alleged. Any subsequent amendment of the pleadings by Plaintiff relating to the Title VII claim against Employee Defendants would be futile. Accordingly, the Title VII claim against Employee Defendants must be dismissed with prejudice.[2]

### B.   State Law Tort Claims Against All Defendants

Next, Defendants seek to dismiss Plaintiff's State Law Tort Claims because Plaintiff failed to file a notice of claim as required by state law. (Defs.' Moving Br. 6.) Under the New Jersey Tort Claims Act ("TCA"), to bring a state tort claim against a public entity or public employee, a plaintiff must first give notice of the claim within ninety days after accrual of the cause of action. *See* N.J. Stat. Ann. § 59:8-8; *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014); *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J.

---

[2] Count One was also alleged against defendants Alexander Battey, Jr. ("Mr. Battey") and Caroline Bielak ("Ms. Bielak"). (Compl. ¶ 1.) Mr. Battey and Ms. Bielak, however, are not movants in the present Motion. (*See* Defs.' Moving Br. 1.) Furthermore, Mr. Battey and Ms. Bielak are individual employees for the Middlesex County Prosecutor's Office and the Public Defender Office, respectively. (Compl. ¶¶ 15-16.) Having found that a Title VII action may not be brought against individual employees, the Court *sua sponte* dismisses Plaintiff's additional Title VII claims against Mr. Battey and Ms. Bielak with prejudice.

Super. Ct. App. Div. Apr. 29, 2011). This notice requirement applies to common law intentional tort claims, *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004), as well as negligent conduct claims, *Velez v. City of Jersey City*, 850 A.2d 1238, 1243–44 (N.J. 2004).

Plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claim. N.J. Stat. Ann. § 59:8-8. Notice is required because it provides state agencies with the "opportunity to investigate the claims[] and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices." *Mawhinney v. Bennett*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. June 22, 2010) (citing *Velez*, 850 A.2d at 1244). Failure to file a notice of claim is grounds for dismissal at the pleading stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Super. Ct. App. Div. Oct. 24, 2014).

Here, Plaintiff does not allege that she filed the required notice of claim. (*See generally* Compl.) Rather, Plaintiff admits that she did not file a notice of claim before initiating the present action and only filed the notice once she became aware of the requirement—over two months after initiating the present litigation. (Pl.'s N.J. Sup. Ct. Mot. to File Late Notice 1–2, ECF No. 10-1.) Under the TCA, Plaintiff was required to file the notice of claim *before* she initiated any state law tort action against Defendants. *See* N.J. Stat. Ann. § 59:8-8. Plaintiff must demonstrate that, at the time she filed the Complaint, a notice of claim had already been served. *Ptaszynski*, 853 A.2d at 294 (holding that the notice requirement under the TCA is a jurisdictional precondition to filing suit). No such demonstration has been made in the pleadings.

The ninety-day notice period may be extended, however, if a court finds "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file [a] notice of claim within the period of time prescribed" and the plaintiff files a late notice "within one year after the accrual of his claim[.]" N.J. Stat. Ann. § 59:8-9; *see also Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Super. Ct. App. Div. Mar. 11, 2014). "Application to the court for

5

permission to file a late notice of claim shall be made upon motion supported by affidavits." N.J. Stat. Ann. § 59:8-9; *see also Spencer v. Princeton Univ.*, No. 19-20945, 2020 WL 3468208, at *3 n.6 (D.N.J. June 25, 2020) ("If Plaintiff had moved to seek leave to file a late notice of tort claim before the one year deadline of December 10, 2019, the Court would have permitted the late filing, as 'extraordinary circumstances' existed."); *Pagan v. Rivera*, No. 19-7176, 2020 WL 2060274, at *9 (D.N.J. Apr. 29, 2020) (denying a defendant's motion to dismiss for failure to file a notice of claim where a New Jersey Superior Court judge granted the plaintiff's late notice of claim).

Here, Plaintiff has not sought an extension with this Court to file a late notice of claim. Although she filed a motion with the Superior Court of New Jersey on January 24, 2020, (*see generally* Pl.'s N.J. Super. Ct. Mot. to File Late Notice), she has not provided the Court with any further documentation or information regarding the Superior Court's decision on the motion. Absent an extension to file a late notice of claim from this Court or proof of an extension from the Superior Court, Plaintiff's state law claims are "forever barred" under the TCA. Plaintiff's State Law Tort Claims are, therefore, dismissed without prejudice pending (1) Plaintiff's production of the Superior Court's judgment on the matter of late notice of claim or (2) a motion to this Court seeking leave to file a late notice of claim.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion is granted. Plaintiff's Title VII claim as to Employee Defendants is dismissed with prejudice. Plaintiff's State Law Tort Claims against all Defendants are dismissed without prejudice pending (1) proof of the New Jersey Superior Court's decision to grant Plaintiff leave to file a late notice of claim or (2) a motion to this Court seeking leave to file a late notice of claim.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**