## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| |
|---|
| LYRESHIA BONDS, |
| Plaintiff, |
| v. |
| NJ JUDICIARY ADMINISTRATION OF THE COURT, et al., |
| Defendants. |

Civil Action No. 19-18983 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Lyreshia Bonds's ("Plaintiff") Motion to File Late Claim Notice. (ECF No. 20.) New Jersey Judiciary Administration of the Court ("NJ Judiciary"), Lori Grimaldi, Jennifer Sincox, Laura Schewitzer, Natalie Myers, Dawn Brevard-Water, Marissa Quigley, Alexander Battey Jr., and Caroline Bielak (collectively, "Defendants") opposed. (ECF No. 23.) The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is denied.

**I.   BACKGROUND**

Plaintiff commenced this action on October 11, 2019. (Compl., ECF No. 1.) Since January 2012, Plaintiff has been employed as a probation officer with the NJ Judiciary. (Compl. ¶ 20.) The Complaint alleges that "racial discrimination is deeply embedded" in the NJ Judiciary and manifests itself through discrimination, differential treatment, harassment, retaliation, and a hostile work environment. (*Id.* ¶ 21.) Plaintiff alleges that she reported several of these instances by filing (1) a December 2013 Equal Employment Opportunity Commission ("EEOC") complaint alleging discrimination and mistreatment, (*id.* ¶ 22); (2) a Spring 2017 "draft grievance" with her union,

the Probation Association of New Jersey, detailing unreasonable work expectations, (*id.* ¶ 23); (3) a November 3, 2017 complaint to Jennifer Sincox, alleging the "discriminatory, rude[,] and unprofessional behaviors" of another employee, Lori Grimaldi, (*id.* ¶ 24); and (4) an August 2018 EEOC complaint alleging discrimination and retaliation, (*id.* ¶ 26). Nevertheless, Plaintiff alleges that her reports, complaints, and grievances were met with (1) retaliation, including two disciplinary complaints and a decreased workload, (*id.* ¶¶ 22-25); (2) harassment (*id.* ¶¶ 49-67); (3) hostility expressed through, among other things, racial discrimination, social ostracization and bullying, and increased workplace scrutiny, (*id.* ¶¶ 70-79, 83-85); and (4) economic deprivation, (*id.* ¶ 79 ("The Plaintiff is excluded from being considered for overtime.")). Plaintiff further alleges that, despite her efforts to bring these conditions to light, Defendants ignored her and refused to eradicate this discrimination and hostility in the workplace. (*Id.* ¶¶ 3, 6.)

Plaintiff's Complaint alleges six counts: Count One for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, (*id.* ¶¶ 34-41); Count Two for retaliation, (*id.* ¶¶ 42-47); Count Three for harassment, (*id.* ¶¶ 48-68); Count Four for hostile work environment, (*id.* ¶¶ 69-86); Count Five for intentional infliction of emotional distress ("IIED"), (*id.* ¶¶ 87-90); and Count Six for tortious interference, (*id.* ¶¶ 91-93). On December 13, 2019, Defendants filed a motion to dismiss the Title VII claim as to Lori Grimaldi, Jennifer Sincox, Laura Schewitzer, Natalie Myers, Dawn Brevard-Water, and Marissa Quigley (collectively, "Employee Defendants"). (ECF No. 5-1.) With regard to Counts Five and Six (the "State Law Tort Claims"), Defendants asserted that these claims were barred as to all Defendants because Plaintiff failed to file the notice of claim as required by the New Jersey Tort Claims Act ("NJTCA"). (*Id.*)

The Court previously granted Defendants' Motion to Dismiss Count One with prejudice as to the Employee Defendants. (July 30, 2020 Mem. Op. 4, ECF No. 11.) The Court also *sua sponte*

dismissed Count One with prejudice as to Defendants Alexander Battey, Jr. and Caroline Bielak. (*Id.* at 4 n.2.) With respect to the State Law Tort Claims, however, the Court dismissed these claims without prejudice. (*Id.* at 6.) In dismissing the State Law Tort Claims, the Court noted that Plaintiff had failed to demonstrate that a notice of claim as required by N.J. Stat. Ann. § 59:8-8 had been served at the time the Complaint was filed. (*Id.* at 5 (citing *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004)). The Court further noted that although Plaintiff had sought an extension of time with the Superior Court of New Jersey to file a late notice of claim on January 24, 2020, she had not provided the Court "with any further documentation or information regarding the Superior Court's decision on the motion." (*Id.*) Accordingly, the Court dismissed these claims pending either "(1) Plaintiff's production of the Superior Court's judgment on the matter of late notice of claim or (2) a motion to this Court seeking leave to file a late notice of claim." (*Id.*)

On July 29, 2020, the Superior Court of New Jersey issued a decision denying Plaintiff's motion to file a late tort claims notice. (Superior Ct. Order Denying Pl.'s Mot. to File Late Tort Claims Notice, Ex. D to Defs.' Opp'n Br., ECF No. 23-4.) Subsequently, on September 16, 2020, Plaintiff filed the present Motion for Leave to File a Late Tort Claim Notice. (ECF No. 20.)

## II. DISCUSSION

Collateral estoppel precludes litigation of an issue after a court of competent jurisdiction has made a determination on that issue involving a party to the prior litigation. *See Montana v. United States*, 440 U.S. 147, 153 (1979). When considering whether the doctrine of collateral estoppel bars a litigant's requested relief, the Court considers whether: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully

represented in the prior action." *Szehinskyj v. Atty. Gen. of U.S.*, 432 F.3d 253, 255 (3d Cir. 2005) (internal citations omitted). "[U]nlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable." *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 210 (3d Cir. 2001). "Finality in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* (internal quotations omitted).

Plaintiff seeks leave to file a late notice of tort claim for her IIED and tortious interference claims. Under the NJTCA, Plaintiff was required to file the notice of claim before she initiated any state law tort action against Defendants. The ninety-day notice period may be extended, however, if a court finds "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file [a] notice of claim within the time prescribed" and the plaintiff files a late notice "within one year after the accrual of [her] claim[.]" N.J. Stat. Ann. § 59:8-9; *see also Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Super. Ct. App. Div. Mar. 11, 2014).

Here, however, the Superior Court has already determined that Plaintiff's failure to properly notice the State Law Tort Claims does not meet the "exceptional circumstances" standard that would allow her to file a late notice of tort claim under N.J. Stat. Ann. § 59:8-8. (*See generally* Superior Ct. Order Denying Pl.'s Mot. to File Late Tort Claims Notice.) The Court notes that, in other cases, the District of New Jersey has declined to revisit the Superior Court of New Jersey's determination on a plaintiff's application to serve a late notice of claim. *See, e.g., Pagan v. Rivera*, No. 19-7176, 2020 WL 2060274, at *9 (D.N.J. Apr. 29, 2020) (denying a defendant's motion to dismiss for failure to file a notice of claim where a New Jersey Superior Court judge previously granted the plaintiff's late notice of claim). Accordingly, the Court finds that each of the collateral

estoppel elements are met, and Plaintiff's current Motion is precluded. Having already litigated whether "extraordinary circumstances" warrant an extension of time to satisfy N.J. Stat. Ann. § 59:8-9 with respect to Counts Five and Six in state court, Plaintiff may not again litigate that issue in this Court.

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 12th day of April 2021 **ORDERED** that

1. Plaintiff's Motion to File Late Claim Notice (ECF No. 20) is **DENIED**.
2. Count Five (for IIED) and Count Six (for tortious interference) are dismissed with prejudice.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**