**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYRESHIA BONDS,<br><br>    Plaintiff,<br><br>    v.<br><br>NJ JUDICIARY ADMINISTRATION OF THE COURT *et al.*,<br><br>    Defendants. | Civil Action No. 19-18983 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

  This matter comes before the Court on Defendants the New Jersey Judiciary, Administrative Office of the Court (the "Judiciary"), Lori Grimaldi ("Grimaldi"), Laura Schweitzer ("Schweitzer"), Greg Lambard ("Lambard"), Kyle Francis ("Francis"), Evan Sullivan ("Sullivan"), Janine Abdalla ("Abdalla"), and Stefanie Bose's ("Bose") (the "Employee Defendants," and collectively with the Judiciary, "Defendants") Motion to Dismiss Plaintiff Lyreshia Bonds's ("Plaintiff") Amended Complaint. (ECF No. 47.) Plaintiff opposed (ECF No. 48), and Defendants replied (ECF No. 49). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motion.

I.   **BACKGROUND**[1]

Plaintiff initiated this employment discrimination action in 2019, seeking judicial redress against the Judiciary, Grimaldi, Shweitzer (collectively, the "Original Defendants"), and several others for alleged wrongs that took place during her time as a probation officer at the Judiciary. (*See* Compl., ECF No. 1.) The Complaint included two state law tort claims—Intentional Infliction of Emotional Distress ("IIED") and Tortious Interference—as well as several other claims. (*Id.* ¶¶ 34-93.) On December 13, 2019, the Judiciary answered (ECF No. 4), and Grimaldi and Schweitzer (as well as other individual employee defendants) filed a motion for partial dismissal in lieu of answer (ECF No. 5). On January 24, 2020, in light of the arguments raised on behalf of Grimaldi and Schweitzer on motion, Plaintiff sought leave in the Superior Court of New Jersey (the "Superior Court") to file a late notice of claim. (ECF No. 10.)

On July 29, 2020, the Superior Court denied Plaintiff leave to file a late notice of claim for her state law tort claims. (*See* Superior Ct. Order, ECF No. 19-1.) The next day, without knowledge of the Superior Court's ruling, this Court dismissed without prejudice Plaintiff's IIED and Tortious Interference claims but permitted Plaintiff the opportunity to seek leave to file a late notice of claim in this Court. (*See* July Op. (the "July Opinion") 5-6, ECF No. 11; Aug. 17, 2020 Order, ECF No. 18.) Plaintiff subsequently submitted a notice of claim to the New Jersey Department of Treasury and moved before this Court for an order granting her leave to file a late notice of claim. (*See* Ex. C, at 1-2, ECF No. 47-3; ECF No. 20.) In April 2021, the Court denied Plaintiff's motion and dismissed her IIED and Tortious Interference claims with prejudice. (*See* Apr. Order (the "April Order") 5, ECF No. 24.) There, the Court found that because Plaintiff failed to comply with

---

[1] The facts of this case are well known to the parties and the Court. For this reason, the Court adopts the facts as set forth in its November 17, 2021 Memorandum Order (the "November Order," ECF No. 37) and recounts only the facts and procedural history it deems relevant.

2

the New Jersey Tort Claims Act's ("NJTCA") notice requirements and was denied leave to file a late notice of claim in Superior Court, collateral estoppel applied; Plaintiff could no longer "litigate that issue in this Court," and, thus, the Court dismissed Plaintiff's IIED and Tortious Interference claims with prejudice. (*See* Apr. Order 3-5; *see also* July Op. 5-6.)

On April 26, 2021, Grimaldi and Schweitzer, among other individual employee defendants, answered Plaintiff's Complaint (ECF No. 27), while the remaining individual employee defendants filed a motion to dismiss in lieu of answer (ECF No. 26). A month later, Plaintiff opposed this motion and cross-moved for leave to file an amended complaint. (*See* ECF Nos. 28-30.)

Several months later, the Court issued the November Order, which granted the motion to dismiss and also dismissed, *sua sponte*, the remaining Title VII claims against Grimaldi and Shweitzer, as well as the other individual employee defendants. (*See generally* Nov. Order.) Thereafter, all that remained of Plaintiff's claims were her Title VII claims against the Judiciary. (*See id.* at 1-4.) As part of the November Order, the Court generously, but not without hesitation, permitted Plaintiff "one final opportunity to amend her Complaint." (*Id.* at 3.) Importantly, the Court specifically cautioned Plaintiff to refrain from bringing causes of action plainly barred as a matter of law or previously precluded by the Court, and went on to highlight several defects found in Plaintiff's proposed Amended Complaint:

> The proposed Amended Complaint seeks to add claims against new parties (the Prosecutor's Office and the Public Defender's Office), new claims against existing defendants (Conscientious Employee Protection Act ("CEPA") and intentional infliction of emotional distress), and additional "facts to support [Plaintiff's] claims." (Pl.'s Cross Mot., Att. Cert. ¶ 7, ECF No. 30-1; *see generally* Proposed Am. Compl.) Both Title VII and CEPA claims require proof of an employer-employee relationship, which the Court doubts Plaintiff can allege with respect to the Prosecutor's Office

3

> and the Public Defender's Office. *See Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1996); *Shah v. Bank of Am.*, 346 F. App'x 831, 833 (3d Cir. 2009); N.J. Stat. Ann. § 34:19-3 (West 2006). Further, the Court already dismissed with prejudice Plaintiff's claim for [IIED] as to all defendants. (*See* [April Order] 5.)

(*Id.* at 3-4.) Nevertheless, Plaintiff filed her Amended Complaint on January 18, 2022 against the Original Defendants and newly-named Judiciary employees, Lambard, Francis, Sullivan, Abdalla, and Bose. (Am. Compl. ¶¶ 4-13, ECF No 41.)

Now before the Court is the Amended Complaint, which alleges eight counts and sings a familiar tune. Plaintiff asserts five counts against the Judiciary for violations of Title VII of the Civil Rights Act of 1964: Count One for retaliation (*id.* ¶¶ 341-56); Count Two for race discrimination (*id.* ¶¶ 357-77); Count Three for gender discrimination (*id.* ¶¶ 378-92); Count Four for sexual harassment (*id.* ¶¶ 393-418); and Count Five for hostile work environment (*id.* ¶¶ 419-45). And despite the November Order's forewarning, Plaintiff alleges two state law tort claims: Count Six for IIED (*id.* ¶¶ 446-503) and Count Seven for negligence (*id.* ¶¶ 504-14). Defendants move to dismiss Counts Six and Seven of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## II.   LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the

---

[2] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

4

complaint and draws all reasonable inferences in favor of the non-moving party. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

#### A. Res Judicata

Defendants first contend that Count Six of the Amended Complaint must be dismissed as to the Original Defendants based on *res judicata* principles, as: (1) this Court has already dismissed with prejudice Plaintiff's IIED claim as to them, and (2) Plaintiff again "seeks to reassert the identical IIED claim, against the same Original Defendants, in the same action." (Defs.' Moving Br. 6-7, ECF No. 47-1; *see also* Apr. Op. 3-5.)[3] Plaintiff clarifies that *res judicata* does not apply because the Amended Complaint is based on "facts only from July 20, 2020, onward" and centers on the actions of Abdalla and Bose, Judiciary employees not named in the initial Complaint. (Pl.'s

---

[3] Rule 8(c) lists *res judicata* as an affirmative defense. Fed. R. Civ. P. 8(c)(1). In the Third Circuit, such an affirmative defense may be raised as grounds for a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), so long as the application of *res judicata* is apparent on the face of the complaint, which the Court finds is the case here. *See McLaughlin v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan*, No. 16-3121, 2016 WL 5955530, at * 3 (D.N.J. Oct. 13, 2016) (citation omitted).

Opp'n Br. 7-9, ECF No. 48.) These "new circumstances," Plaintiff asserts, are "separate and distinct claims for relief," and, thus, could not have been pled when she filed the original Complaint in 2019. (*Id.* at 6-8.)

The Court finds that dismissal of Count Six of the Amended Complaint is appropriate on preclusion grounds. "Under New Jersey law . . . 'when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'" *Farzan v. J.P. Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211, at *1 (3d Cir. Nov. 30, 2022) (citation omitted). Preclusion involves several related concepts, including the entire controversy doctrine and *res judicata*. *See Reaves v. Monmouth Univ.*, No. 22-1782, 2022 WL 17722803, at *8 (D.N.J. Dec. 15, 2022); *Shieh v. Kim*, No. A-1698-21, 2023 WL 18506, at *2 (N.J. Super. Ct. App. Div. Jan. 3, 2023). "*Res judicata* encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." *Townsend v. N.J. Transit*, 516 F. App'x 110, 110-11 (3d Cir. 2013) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Specifically, *res judicata* "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)).

Relatedly, the entire controversy doctrine "provides that non-joinder of claims or parties required to be joined . . . shall result in the preclusion of the omitted claims to the extent required." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (internal quotation marks and citation omitted). The doctrine has been described as "New Jersey's specific, and idiosyncratic,

application of traditional *res judicata* principles." *Rycoline Prod., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (citations omitted). "It is the 'commonality of facts,' rather than legal issues, parties or remedies, 'that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine.'" *See Tilbury v. Aames Home Loan*, No. 5-2033, 2005 WL 3477558, at *7 (D.N.J. Dec. 12, 2005), *aff'd*, 199 F. App'x 122 (3d Cir. 2006)) (quoting *DiTrolio v. Antiles*, 142 N.J. 253, 272 (1995)).

Here, Plaintiff "has, at best, sprinkled some more recent factual allegations into [her] essentially unchanged narrative," resulting in an instant action that rests substantially on the same set of facts she has previously asserted. *See Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 672 (E.D. Pa. 2012), *aff'd* 518 F. App'x 99 (3d Cir. 2013).[4] The procedural history above provides relevant context. First, there has been a judgment on the merits in a prior suit. Plaintiff has been twice denied the ability to file a late notice of claim, as is required to successfully raise a New Jersey state law tort claim. (*See* July Op.; Superior Ct. Order; April Order.) Moreover, Count Six of the Amended Complaint is alleged against the same parties—the Original Defendants—and to the extent that Plaintiff's action for IIED is based on the same facts as the initial Complaint (i.e. prior to October 2019), that same claim has already been dismissed *with prejudice*. (*See* Nov. Order 3 (examining Plaintiff's proposed Amended Complaint and explaining that "the Court already dismissed with prejudice Plaintiff's claim for [IIED] as to all defendants"); Pl.'s Opp'n

---

[4] (*Compare, e.g.*, Compl. ¶¶ 87-90 (alleging IIED for race discrimination where Shweitzer and Grimaldi "mandated all employees within the division attend a 'team building' training," during which time "they were advised of discriminatory practices and differential treatment and they ignored it"), *with* Am. Compl. ¶¶ 227-29 ("On August 22, 2019, [] Plaintiff attended the third day of a 'team building' 'training[.]' During the 'training' employees disclosed the discriminatory nature and the hostile work environment that we all worked in . . . . To date nothing has been done."), ¶¶ 446-503 (alleging IIED for disparate treatment based on race and failure to investigate retaliatory actions and threats made to witnesses).)

Br. 7.) Simply put, Plaintiff was warned not to bring this claim and failed to heed the Court's advice. As for any new allegations in Count Six based on different events prior to October 2019, the entire controversy doctrine applies to bar them. *See Fields*, 363 F.3d at 265; *see also Townsend*, 516 F. App'x at 111 ("To the extent there are allegations in his amended complaint in this action that are not identical to those in the earlier action, they are matters that should have been presented in the earlier suit."). Thus, principles of preclusion bar Count Six to the extent it is based on facts against the Original Defendants prior to October 2019.

To the extent that Count Six is based on allegations against the Original Defendants after October 2019, or, specifically, July 20, 2020 onward, as Plaintiff contends, the Court finds it must still be dismissed for failure to state a claim. Upon review of the Amended Complaint, the Court finds that only a mere handful of paragraphs from the fifty-eight comprising her IIED claim are based on events taking place after July 2020. (*See* Am. Compl. ¶¶ 446-503; Pl.'s Opp'n Br. 6-8.) Indeed, just thirty-seven of Plaintiff's 517-paragraph Amended Complaint refer to events happening during or after July 2020. (*See* Am. Compl. ¶¶ 304-40; Defs.' Reply Br. 2, ECF No. 49.) Of those, Shweitzer and Grimaldi (the Original Defendants, minus the Judiciary) are identified in just four of the paragraphs, and none allege specific acts by those individuals against Plaintiff. (*See* Am. Compl. ¶¶ 308, 325-26, 329.) Hence, "even crediting [Plaintiff's] attempt to distinguish her second set of facts as 'new,' it is beyond dispute that most of these allegations could have been brought as part of [her] first [C]omplaint." *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 173-74 (3d Cir. 2009) (internal quotations omitted).

The Court, accordingly, dismisses Count Six as to the Original Defendants.

B.  **NJTCA**

Separately, Defendants move to dismiss Counts Six and Seven of the Amended Complaint based on Plaintiff's failure to file a proper notice of claim in accordance with the NJTCA. (Defs.' Moving Br. 7-11.) The NJTCA requires a plaintiff bringing a claim against a public entity or public employee to give the relevant public entity notice of the claim within ninety days of the accrual of the cause of action. *Pena v. Div. of Child & Fam. Servs.*, No. 8-1168, 2010 WL 3982321, at *6 (D.N.J. Oct. 8, 2010) (citing N.J. Stat. Ann. § 59:8-3)). Failure to file the required notice or comply with the statute's procedural requirements means a claimant is "forever barred from recovering against a public entity or public employee . . . ." *Cousar v. Stack*, No. 21-01259, 2022 WL 3273924, at *5 (D.N.J. Aug. 11, 2022) (quoting N.J. Stat. Ann. § 59:8-8(a)). And although the NJTCA does not, by its terms, require plaintiffs to make specific references to defendants that correlate with specific claims, the notice must contain "certain information sufficient to allow the public entity to investigate the merits of the claim." *Blueprint Cap. Advisors, LLC v. Murphy*, No. 20-07663, 2022 WL 17887229, at *48 (D.N.J. Dec. 23, 2022); *Cousar*, 2022 WL 3273924, at * 6 (citing N.J. Stat. Ann. § 59:8-4).

On August 19, 2020, Plaintiff filed a new notice of claim (the "August notice of claim"). (*See* Aug. Not. of Claim, Ex. C, at 2, ECF No. 47-3.)  The August notice of claim states that Plaintiff's claims arose, on or about July 19, 2020, when:

> [Plaintiff] was contacted by a coworker and informed [that this co-worker] was being investigated for violating [the Judiciary's] discrimination policy because [the co-worker] was or may be a witness in [Plaintiff's] lawsuit against the [J]udiciary. Additionally, [Plaintiff] filed a complaint against a co-worker for harassment and retaliation after [that co-worker] went to management with false allegations against [Plaintiff] so that [Plaintiff] may be brought up on departmental charges to discredit [Plaintiff's lawsuit] against the [J]udiciary. The [J]udiciary retaliated against

9

> [Plaintiff] when [it] failed to investigate [Plaintiff's] complaint against this employee but investigated that employee's complaint against [Plaintiff] and another African American employee. Moreover, an employee [Bose] . . . is contacting potential witnesses and advising them they were being investigated because they speak to [Plaintiff] and may be a witness in [Plaintiff's] lawsuit. [Plaintiff believes] this was done to sabotage [her] case. All of [Plaintiff's] complaints against Bose have been ignored which has emboldened [Bose] to continue to harass [Plaintiff]. [Bose] failed to follow departmental policies by reporting this person to management but saw no problem with contacting the employee and letting her know why she was brought up on charges.

(*Id.* at 1.)

As a preliminary matter, to the extent that Counts Six and Seven are asserted against the Judiciary, they must be dismissed under the NJTCA. *See* N.J. Stat. Ann. § 59:2-10 ("A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct."); *see also Warnett v. Corr. Med. Servs.*, No. 07-1291, 2008 WL 930739, at *7 (D.N.J. Mar. 31, 2008) (dismissing IIED claim against New Jersey Department of Corrections because "[c]ourts in this District have interpreted Section 59:2-10 of the [NJTCA] to bar public entities from liability for claims of . . . [IIED]") (first alteration in original) (citing *Kee v. Camden Cnty.*, No. 04-842, 2006 WL 2827733, at *6 (D.N.J. Sept. 28, 2006)).

Counts Six and Seven are equally deficient as asserted against the Employee Defendants due to Plaintiff's failure to demonstrate compliance with the NJTCA. As mentioned, Plaintiff states that the Amended Complaint is centered on "facts only from July 20, 2020, onward" and on the actions of Bose and Abdalla. (*See* Pl.'s Opp'n Br. 7-9.) Indeed, in the August notice of claim, Plaintiff identifies only two of the Employee Defendants named in the Amended Complaint: Bose and Abdalla. (*See* Aug. Not. of Claim 2.) The August notice of claim makes no reference whatsoever to Grimaldi, Francis, Lambard, or Sullivan, making it unreasonable to expect the

Judiciary to have been able to undertake a complete investigation into the claims against them. (*See id.*) Yet even the allegations surrounding Bose and Abdalla are deficient, as the August notice of claim hints at events occurring prior to July 2020. (*See id.*; Pl.'s Opp'n Br. 7-9.) In general, the circumstances Plaintiff describes in the August notice of claim fail to provide adequate notice of either of the state law tort claims she now asserts, such that the Judiciary could have investigated the claims. The August notice of claim mentions, for instance, that Plaintiff was contacted by a "coworker," yet Plaintiff fails to identify the coworker. (*See* Aug. Not. of Claim 2.)

Because the August notice of claim does not satisfy the NJTCA's notice requirement with respect to her IIED and negligence claims, the Court dismisses Counts Six and Seven with prejudice.

IV. **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss and dismisses Counts Six and Seven of the Amended Complaint with prejudice. The Court will enter an Order consistent with this Memorandum Opinion.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE