**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYRESHIA BONDS,<br><br>    Plaintiff,<br><br>  v.<br><br>NJ JUDICIARY ADMINISTRATION OF THE COURT, *et al.*,<br><br>    Defendants. | Civil Action No. 19-18983 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

  This matter comes before the Court upon Plaintiff Lyreshia Bonds's Motion for Reconsideration (ECF No. 63) of the Court's February 24, 2023 Order (ECF No. 62) dismissing Counts Six and Seven of Plaintiff's Amended Complaint.

  On February 24, 2023, following briefing by the parties, the Court entered a Memorandum Opinion followed by a subsequent Order (ECF Nos. 61, 62) granting Defendants the New Jersey Judiciary, Administrative Office of the Court (the "Judiciary"), Lori Grimaldi ("Grimaldi"), Laura Schweitzer ("Schweitzer"), Greg Lambard ("Lambard"), Kyle Francis ("Francis"), Evan Sullivan ("Sullivan"), Janine Abdalla ("Abdalla"), and Stefanie Bose's ("Bose") (the "Employee Defendants," and collectively with the Judiciary, "Defendants") Motion to Dismiss Counts Six and Seven of Plaintiff's Amended Complaint. On March 7, 2023, Plaintiff filed a Motion for

Reconsideration. (ECF No. 63.)  Defendants opposed on April 3, 2023 (ECF No. 69), and Plaintiff replied on April 10, 2023 (ECF No. 70).[1]

Although not expressly authorized by the Federal Rules of Civil Procedure, this District's Local Civil Rules require a party moving for reconsideration to file its motion within fourteen (14) days after the entry of the challenged order and to set "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i).  Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted).  They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted).  They are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS Med Management LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013).  And it is improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, 2013 WL 4804528, at *1 (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

Plaintiff timely filed her motion on March 7, 2023, within fourteen (14) days of the Court's February 24, 2023 Order dismissing Counts Six and Seven of Plaintiff's Amended Complaint. (ECF No. 63.)  The Court dismissed Count Six (IIED) under *res judicata*, or in the alternative that

---

[1]    The facts and procedural posture of this case are well-known to the parties.  For a detailed account of both the facts and procedural posture, see ECF Nos. 24, 37, and 61.

Plaintiff failed to state a claim for IIED, and also dismissed Counts Six and Seven (Negligence) for failure to comply with the New Jersey Tort Claims Act's ("NJTCA") notice requirements. (ECF No. 61.)  In her motion, Plaintiff expresses that "[t]he Court has erred in its decision that this Plaintiff is barred by the *Res Judicata* doctrine," and the Court erred by dismissing Counts Six and Seven for failure to file a proper notice of claim pursuant to the NJTCA.  (ECF No. 63-1 at 4, 7, 10.[2])  Plaintiff does not, however, identify any intervening change in relevant law, or new evidence that was unavailable at the time this Court entered the February 24, 2023 Order.

Instead, Plaintiff appears to be arguing that the Court committed an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See generally* ECF No. 63-1.)  The Court disagrees.

First, the Court did not improperly apply *res judicata*.  Plaintiff suggests that the Court erred by precluding facts in the Amended Complaint that occurred after Plaintiff filed the initial Complaint in October 2019.  Contrarily, the Court stated that "[a]s for any new allegations in Count Six based on different events prior to October 2019, the entire controversy doctrine[3] applies to bar them."[4]  (ECF No. 61 at 7 (citing *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (internal quotation marks and citation omitted); *Townsend v. N.J. Transit*, 516 F. App'x 110, 110-11 (3d Cir. 2013) (citation omitted)).)  The Court then stated,

> To the extent that Count Six is based on allegations against the Original Defendants after October 2019, or, specifically, July 20, 2020 onward, as Plaintiff contends,

---

[2]    Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]    The entire controversy doctrine is considered "New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles." *Rycoline Prod., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (citations omitted).

[4]    For an in-depth analysis of why Plaintiff's new pre-October 2019 allegations were precluded in the Amended Complaint, see ECF No. 61 at 6.

the Court finds it must still be dismissed for failure to state a claim. Upon review of the Amended Complaint, the Court finds that only a mere handful of paragraphs from the fifty-eight comprising her IIED claim are based on events taking place after July 2020. (*See* Am. Compl. ¶¶ 446-503; Pl.'s Opp'n Br. 6-8.)  Indeed, just thirty-seven of Plaintiff's 517-paragraph Amended Complaint refer to events happening during or after July 2020. (*See* Am. Compl. ¶¶ 304-40; Defs.' Reply Br. 2, ECF No. 49.)  Of those, Shweitzer and Grimaldi (the Original Defendants, minus the Judiciary) are identified in just four of the paragraphs, and none allege specific acts by those individuals against Plaintiff. (*See* Am. Compl. ¶¶ 308, 325-26, 329.)  Hence, "even crediting [Plaintiff's] attempt to distinguish her second set of facts as 'new,' it is beyond dispute that most of these allegations could have been brought as part of [her] first [C]omplaint." *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 173-74 (3d Cir. 2009) (internal quotations omitted).

[(ECF No. 61 at 8).]

The court provided sufficient justification for why Plaintiff's new allegations prior to October 2019 were barred and why the new allegations after October 2019 or July 20, 2020 could not stand.[5]  Moreover, Plaintiff fails to cite any caselaw or fact that suggests the Court's dismissal of Count Six resulted in a clear error, let alone that the hypothetical error would result in a manifest injustice. *Blystone* 664 F.3d at 415.  Therefore, the Court will not reconsider its prior ruling to dismiss Count Six under *res judicata*, or in the alternative, for failure to state a claim.[6]  (ECF No. 61 at 8.)

---

[5]     Part of the Court's justification was also that "Plaintiff 'has, at best, sprinkled some more recent factual allegations into [her] essentially unchanged narrative,' resulting in an instant action that rests substantially on the same set of facts she has previously asserted."  (ECF No. 61 at 7 (citing *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 672 (E.D. Pa. 2012), *aff'd* 518 F. App'x 99 (3d Cir. 2013)).)

[6]     The Court also highlighted in its February 24, 2023 Memorandum Opinion that "Plaintiff was warned not to bring this claim [for IIED] and failed to heed the Court's advice."  (ECF No. 61 at 8 (referencing ECF No. 37 at 4 which states that "the Court already dismissed with prejudice Plaintiff's claim for intentional infliction of emotional distress as to all defendants. [] The Court thus instructs Plaintiff that, absent compelling reasons to the contrary, Plaintiff should refrain from bringing causes of action plainly barred as a matter of law or previously precluded by the Court.").)

Second, the Court dismissed Counts Six and Seven for failure to comply with the notice of claim requirements under the NJTCA as Plaintiff's notice provided insufficient details to the Judiciary to enable them "to have been able to undertake a complete investigation into the claims against them." (ECF No. 61 at 11.) The Court previously referenced Plaintiff's notice of claim, which stated:

> [Plaintiff] was contacted by a coworker and informed [that this co-worker] was being investigated for violating [the Judiciary's] discrimination policy because [the co-worker] was or may be a witness in [Plaintiff's] lawsuit against the [J]udiciary. Additionally, [Plaintiff] filed a complaint against a co-worker for harassment and retaliation after [that co-worker] went to management with false allegations against [Plaintiff] so that [Plaintiff] may be brought up on departmental charges to discredit [Plaintiff's lawsuit] against the [J]udiciary. The [J]udiciary retaliated against [Plaintiff] when [it] failed to investigate [Plaintiff's] complaint against this employee but investigated that employee's complaint against [Plaintiff] and another African American employee. Moreover, an employee [Bose] . . . is contacting potential witnesses and advising them they were being investigated because they speak to [Plaintiff] and may be a witness in [Plaintiff's] lawsuit. [Plaintiff believes] this was done to sabotage [her] case. All of [Plaintiff's] complaints against Bose have been ignored which has emboldened [Bose] to continue to harass [Plaintiff]. [Bose] failed to follow departmental policies by reporting this person to management but saw no problem with contacting the employee and letting her know why she was brought up on charges.

> [(ECF No. 61 at 9-10 (citing 47-3 at 1).)]

The Court found that "the circumstances Plaintiff describes in the August notice of claim fail to provide adequate notice of either of the state law tort claims she now asserts, such that the Judiciary could have investigated the claims." (ECF No. 61 at 11.) Therefore, Plaintiff failed to include "certain information sufficient to allow the public entity to investigate the merits of the claim." *Blueprint Cap. Advisors,* 2022 WL 17887229, at *48.

Plaintiff contests that her notice of claim contained sufficient factual allegations to satisfy the NJTCA's notice requirements. (ECF No 63-1 at 10.) However, Plaintiff fails to cite which on-point caselaw or facts the Court failed to consider in its finding that Plaintiff's August 2020

notice of claim failed to satisfy the NJTCA's notice requirement, let alone that it would result in a "manifest injustice." *Blystone*, 664 F.3d at 415. Moreover, the state court and this Court already found that Plaintiff's state tort claims were barred for failure to file a timely notice of claim. (ECF No. 24 at 4-5; *see also* ECF No. 19-1.) Although Plaintiff now asserts a negligence claim for the first time, the new allegations in her August 2020 notice of claim originate and sound in the same underlying conduct that gave rise to her original complaint and notice of claim in 2019. (*Compare* ECF No. 61 (detailing additional claims of harassment and retaliation and identifying "employee Stefanie Bose who has been harassing me since 2013"), *with* ECF No. 23-1 at 16-17 (alleging that Defendants "knowingly permitted ongoing actions of discrimination, retaliation, a hostile work environment, tortious interference and intentional infliction of emotional distress.").) Simply filing a new notice of claim with alleged additional facts, that originate in the same underlying conduct, should not be permitted to circumvent the NJTCA's notice requirement or the Court's previous orders. (*See* ECF No. 61 at 10 (stating "even the allegations surrounding Bose and Abdalla are deficient, as the August notice of claims hints at events occurring prior to July 2020.").) The Court previously instructed Plaintiff to refrain from bringing causes of action plainly barred as a matter of law or previously precluded by the Court. Therefore, although different in form, Plaintiff's negligence claim is barred "absent compelling reasons." (ECF No. 37 at 4.) For these reasons, the Court will not diverge from the general rule that motions for reconsideration be granted "very sparingly," and therefore, Plaintiff's motion for reconsideration (ECF No. 63) is denied. *Clark*, 940 F. Supp. 2d at 189 (citations and quotation marks omitted).

**IT IS** on this 31st day of October 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 63) is **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** the motion pending at ECF No. 63.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**