UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LYRESHIA BONDS,**<br>    **Plaintiff,**<br><br>v.<br><br>**NJ JUDICIARY ADMINISTRATION OF THE COURT, et al.**<br>    **Defendants.** | Civil Action No. 19-18983 (GC)(TJB)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court on Plaintiff Lyreshia Bonds' ("Plaintiff") Motion requesting leave to file a Second Amended Complaint (Docket Entry No. 97) ("Motion to Amend"). Plaintiff's Motion to Amend proceeds before the Court unopposed. The Court has fully reviewed and considered all arguments in support of Plaintiff's Motion to Amend. The Court considers the motion without oral argument pursuant to L.Civ.R. 78.1(b). For the following reasons set forth below, Plaintiff's Motion to Amend is **DENIED.**

I.    BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the history of this action and includes herein only background relevant to the dispute.

On October 11, 2019, Plaintiff commenced this employment discrimination action by way of a Complaint, naming the NJ Judiciary ("NJ Judiciary") as well as Lori Grimaldi ("Grimaldi"), Jennifer Sincox ("Sincox"), Laura Schweitzer ("Schweitzer"), Natalie Myers ("Myers"), Dawn Brevard-Water ("Brevard-Water"), Marissa Quigley ("Quigley), Alexander Battey, Jr. ("Battey,

1

Jr."), and Caroline Bielak ("Bielak") (the "Individual Employee Defendants") as defendants. (Docket Entry No. 1). In her initial Complaint, Plaintiff alleged six counts: Count One for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. *et seq.*, (*id.*, at ¶¶ 24-41); Count Two for retaliation, (*id.*, at ¶¶ 42-47); Count Three for harassment, (*id.*, at ¶¶ 48-68); Count Four for hostile work environment, (*id.*, at ¶¶ 69-86); Count Five for intentional infliction of emotional distress, ("IIED") (*id.,* at ¶¶ 87-90); and Count Six for tortious interference, (*id.*, at ¶¶91-93).

On December 13, 2019, Defendants Grimaldi, Sincox, Schweitzer, Quigley, Brevard-Water, and Myers moved to dismiss Plaintiff's Title VII claims as to the Individual Employee Defendants. (Defs.' Mot. to Dismiss of 12/13/2019; Docket Entry No. 5). In addition, the NJ Judiciary and Defendants Grimaldi, Sincox, Schweitzer, Quigley, Brevard-Water, and Myers moved to dismiss Plaintiff's Tort claims as to all Defendants. (*Id.*)

On July 30, 2020, the District Court entered a Memorandum Opinion and Order granting Defendants' Motion to Dismiss, dismissing: Count One of the Complaint as to Defendants Grimaldi, Sincox, Schweitzer, Quigley, Brevard-Water, and Myers and non-moving Defendants Battey, Jr. and Bielak, with prejudice; Count Five as to all Defendants without prejudice; and Count Six as to all Defendants, without prejudice. (Mem. Op. of 07/30/2020; Docket Entry No. 11); (Order of 07/30/2020; Docket Entry No. 12).

On August 11, 2020, Plaintiff filed a request for a forty-five (45) day extension to file an Amended Complaint and sought clarification as to the District Court's July 30, 2020 Memorandum Opinion and Order. (Docket Entry No. 14). On August 17, 2020, the District Court clarified that: (1) Count One of the Complaint was dismissed with prejudice as to the Individual Employee

2

Defendants yet remained as to the NJ Judiciary and (2) Counts Five and Six were dismissed without prejudice. (Order of 08/17/2020; Docket Entry No. 18). As to the revival of Counts Five and Six, the Court instructed:

> [P]laintiff may file a motion for leave to file a late notice of claim under the New Jersey Tort Claims [Act] by 10/15/2020. If the Court either (1) receives documentation that the New Jersey Superior Court granted Plaintiff's January 24, 2020, motion, or (2) grants any future motion filed before this Court seeking to file a late notice of claim, Plaintiff may file an amended complaint to include Counts Five and Six against all Defendants within thirty (30) days of such development. Signed by Judge Michael A. Shipp on 08/17/2020. (jdb) (Entered: 08/17/2020)

(*Id.*) On September 16, 2020, Plaintiff filed a Motion to File a Late Tort Claim Notice. (Docket Entry No. 20). On April 12, 2021, the District Court denied Plaintiff's Motion to File a Late Tort Claim Notice and dismissed Counts Five (IIED) and Six (Tortious Interference) of Plaintiff's Complaint with prejudice. (Mem. Order of 04/12/2021, at 5; Docket Entry No. 24).

On April 26, 2021, Defendants Battey, Jr. and Bielak filed a Motion to Dismiss, seeking dismissal of Counts Two, Three, and Four of Plaintiff's Complaint. (Defs.' Mot. to Dismiss of 04/26/2021; Docket Entry No. 26). Plaintiff opposed Defendants' motion to dismiss and cross-moved for leave to file an amended complaint. (Docket Entry Nos. 29 and 30).[1]

On November 17, 2021, the District Court, in Its Memorandum Order, (1) dismissed with prejudice Counts Two, Three, and Four of Plaintiff's Complaint as to Defendants Battey, Jr. and Bielak; (2) dismissed with prejudice Counts Two, Three, and Four of Plaintiff's Complaint as to

---

[1] The Court notes that after Defendants' Motion to Dismiss was full briefed (Docket Entry Nos. 26, 29, 30, and 31) yet prior to the District Court's Memorandum Order regarding same (Docket Entry No. 37), the Court entered an initial Scheduling Order. (Docket Entry No. 36). Of note, the Scheduling Order specified that, "Any motion to amend the pleadings or join new parties must be filed by **a date to be later set by the Court**." (*Id.*) (emphasis in original).

3

the non-moving Defendants Grimaldi, Sincox, Schweitzer, Quigley, Brevard-Water, and Myers; (3) afforded Plaintiff the opportunity to file an amended complaint by December 2, 2021; and (4) denied Plaintiff's Cross-Motion to Amend Complaint (Docket Entry No. 30) as moot. (Mem. Order of 11/17/2021, at 4; Docket Entry No. 37).

On November 19, 2021, Plaintiff filed a request for a ninety (90) day extension to file an amended complaint; subsequently, the Court granted Plaintiff an extension of time to file an amended complaint by January 19, 2022. (Docket Entry Nos. 38 and 39); (Text Order of 11/22/2021; Docket Entry No. 40). On January 19, 2022, Plaintiff filed her First Amended Complaint, naming the NJ Judiciary, as well Grimaldi, Schweitzer, Greg Lambard ("Lambard"), Kyle Francis ("Francis"), Evan Sullivan ("Sullivan"), Janine Abdalla ("Abdalla"), and Stefanie Bose ("Bose") (the "Amended Employee Defendants," and collectively with the NJ Judiciary, "Defendants") as defendants. (Pl.'s First Am. Compl.; Docket Entry No. 41). Plaintiff's First Amended Complaint is presently the operative complaint in the action.

In her First Amended Complaint, Plaintiff alleges seven counts: Count One for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et. seq.*, specifically for retaliation, (Pl.'s First Am. Compl., at ¶¶ 341-56; Docket Entry No. 41); Count Two for race discrimination, (*id.*, at ¶¶ 357-77); Count Three for disparate treatment and gender discrimination, (*id.*, at ¶¶ 378-92); Count Four for sexual harassment, (*id.*, at ¶¶ 393-418); Count Five for hostile work environment (*id.,* at ¶¶ 419-45); Count Six for intentional infliction of emotional distress, ("IIED") (*id.*, at ¶¶ 446-503); and Count Seven for negligence (*id.*, at ¶¶ 504-14). [2] Plaintiff asserts Counts

---

[2] The Court notes that Plaintiff's First Amended Complaint also includes an Eighth Count, which asserts the aforementioned allegations as to Fictitious Parties. (Pl.'s First Am. Compl., at ¶¶ 515-

4

One through Five solely against the NJ Judiciary and Counts Six and Seven against the NJ Judiciary and the Amended Employee Defendants. (*See id.*, at ¶¶ 341-514.)

Upon receipt of Plaintiff's First Amended Complaint, the Court directed the parties to submit a joint proposed schedule no later than January 26, 2022. (Text Order of January 19, 2022; Docket Entry No. 42). Upon receipt of the parties' joint proposal, the Court entered a Scheduling Order, amending the prior deadlines set in Its June 16, 2021 Scheduling Order (Docket Entry No. 36). (Scheduling Order of 01/25/2022; Docket Entry No. 43). Of note, in Its January 25, 2022 Scheduling Order, the Court ordered that, "All motions to amend the pleadings and/or to add new parties shall be filed by **April 25, 2022**." (*Id.*, at 1.) (emphasis in original).

On February 15, 2022, the NJ Judiciary and the Amended Employee Defendants filed a Motion to Dismiss Counts Six and Seven of Plaintiff's First Amended Complaint (Defs.' Mot. to Dismiss of 02/15/2022; Docket Entry No. 47); Plaintiff opposed (Docket Entry No. 48).

Prior to the District Court rendering Its decision regarding Defendants' Motion to Dismiss, the parties appeared before the Honorable Tonianne J. Bongiovanni, U.S.M.J. on July 26, 2022, to discuss discovery issues. (Text Order of 06/10/2022; Docket Entry No. 52); (Text Minute Entry of 07/26/2022). Pursuant to the July 26, 2022 telephone conference, the Court ordered, in part, that an appropriate extension to the discovery schedule will be addressed after the parties submitted additional briefing on the outstanding discovery issues.[3] (Text Minute Entry of 07/26/2022).

---

17; Docket Entry No. 41). To date, the Fictitious Parties remain unknown and/or undiscovered by Plaintiff.

[3] At the parties' request, the fact discovery deadline has been extended multiple times. (*See* Docket Entry No. 53; *see also* Docket Entry Nos. 66-68; *see also* Docket Entry Nos. 74-75; *see also* Docket Entry Nos. 84 and 86; *see also* Docket Entry Nos. 104-05).

Notably, the Court did not consider an extension of the previous deadline to file a motion to amend the pleadings—April 25, 2022—nor did the parties request same. In the following months, the Court continued to address the parties' ongoing discovery disputes.[4]

On February 23, 2023, the District Court entered a Memorandum Opinion and Order, granting Defendants' Motion to Dismiss (Docket Entry No. 47) and dismissing with prejudice Counts Six (IIED) and Seven (Negligence) as to the NJ Judiciary and the Amended Employee Defendants. (Mem. Op. of 02/23/2023; Docket Entry No. 61); (Order of 02/23/2024; Docket Entry No. 62). The Court dismissed Count Six and Seven of Plaintiff's First Amended Complaint pursuant to the doctrine of *res judicata*, for failure to state a claim, and for failure to comply with the notice of claim requirements under the New Jersey Tort Claims Act. (*See* Mem. Op. of 02/23/2023, at 7-11; Docket Entry No. 61). Consequently, the NJ Judiciary proceeded as the sole Defendant in the case.

On March 7, 2023, Plaintiff filed a Motion for Reconsideration of the District Court's February 23, 2023 Memorandum Opinion and Order (Docket Entry No. 63); Defendant NJ Judiciary opposed same (Docket Entry No. 69).

During the pendency of Plaintiff's Motion for Reconsideration, the Court continued to consider and decide any discovery disputes that arose between Plaintiff and the NJ Judiciary. (*See* Docket Entry Nos. 74-81); (*see also* Text Minute Entry of 06/30/2023); (*see also* Docket Entry Nos. 83 and 84). At no point did the Court consider an extension of the deadline to file a motion to amend the pleadings nor did the parties request same.

---

[4] An in-depth recitation of the discovery history is provided in the Court's May 8, 2024 Letter Order. For a more detailed account of the facts and procedural posture pertaining to the discovery history in this matter, *see* Letter Order of 05/08/2024; Docket Entry No. 106.

On October 31, 2023, the District Court entered a Memorandum Order denying Plaintiff's Motion for Reconsideration (Docket Entry No. 63) of the Court's February 23, 2023, Order (Docket Entry No. 62) dismissing Counts Six and Seven of Plaintiff's Amended Complaint. (Mem. Order of 10/31/2023; Docket Entry No. 85). As a result, the New Jersey Judiciary remains the sole Defendant in the case.

On December 20, 2023, Plaintiff filed her present Motion for Leave to File a Second Amended Complaint, naming the NJ Judiciary and, once more, the Amended Employee Defendants—Grimaldi, Schweitzer, Lambard, Francis, Sullivan, Abdalla, and Bose—as defendants. (Docket Entry No. 97). Through the proposed Second Amended Complaint, Plaintiff seeks to add two New Jersey Law Against Discrimination ("NJLAD") claims: Count Six for violations of N.J.S.A. 10:5-1, *et. seq.*, race discrimination, and Count Seven for aiding and abetting. (Pl.'s Second Am. Compl., at ¶¶ 446-76; Docket Entry No. 97-4). Plaintiff alleges Count Six as to all Defendants and Count Seven as to the Amended Employee Defendants. (*Id.*)

Plaintiff argues that the filing of the Second Amended Complaint would not cause undue delay, as: (1) a trial date has not been set in this case; (2) the Court nor Defendants would be burdened by allowing Plaintiff to amend her complaint at this stage of the litigation; and (3) the addition of the proposed claims would not warrant an extension of discovery. (Pl.'s Mov. Br., at 3; Docket Entry No. 97-2). Additionally, Plaintiff contends that her proposed amendments are not futile. (*Id.* at 4.) Plaintiff maintains that the allegations in her proposed Second Amended Complaint sufficiently state claims against the proposed Defendants, as the amended causes of action—NJLAD race discrimination and aiding and abetting—are based upon the same set of facts and circumstances fundamental to Plaintiff's surviving Title VII claims. (*Id.* at 4-5.)

The Court now addresses Plaintiff's motion herein.

## II. ANALYSIS

### A. Local Civil Rule 15.1

As a threshold matter, the Court considers whether Plaintiff's Motion to Amend is procedurally deficient.

Local Civil Rule 15.1(a) provides "a party who seeks leave to amend a pleading shall do so by motion, which shall state whether such motion is opposed, and shall attach to the motion: (1) a copy of the proposed amended pleading; and (2) a form of the amended pleading that shall indicate in what respects it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining material to be added." L.Civ.R. 15.1(a). Local Civil Rule 15.1 "is not simply a nicety that can be disregarded by parties at a whim"—"[i]t serves an important purpose." *K.K-M v. New Jersey Dep't of Educ.*, Civ. No. 17-11579, 2020 WL 6817506, at *6 (D.N.J. Nov. 20, 2020) (citation omitted); *see A.B. v. Vineland Bd. of Educ.*, Civ. No. 17-11509, 2019 WL 2354609, at *5 (D.N.J. June 4, 2019) (dismissing claim because plaintiff "did not properly indicate how the Amended Complaint differs from her original one" as required by Local Civil Rule 15.1); *see Jones-Singleton v. Dep't of Health*, Civ. No. 18-8799, 2019 WL 13280885, at *5 (D.N.J. Sept. 6, 2019) (finding that Plaintiff's Motion for Leave to Amend Complaint was procedural deficient for failing to comply with L.Civ.R. 15.1(a)(2) and failed for that reason as well).

Plaintiff has failed to comply with Local Civil Rule 15.1(a)(2), failing to attach "a form of the amended pleading that indicates in what respects it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining material to be

8

added." L.CIV.R. 15.1(a)(2).  Plaintiff's motion may be denied on this procedural defect alone.

As discussed in the analysis that follows, the Court also finds that Plaintiff's Motion to Amend substantively fails pursuant to Federal Rules of Civil Procedure 16 and 15(a)(2).  The Court notes that It was required to engage in its own comparative review since Plaintiff's proposed Second Amended Complaint has not complied with Local Civil Rule 15.1(a)(2).

### B. Federal Rule of Civil Procedure Rule 16

Federal Rule of Civil Procedure Rule ("Rule") 16 authorizes courts to enter scheduling orders. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed.R.Civ.P. 16 Advisory Committee Notes to the 1983 Amendment); *see also Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir.1990) (stating that the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

Pursuant to Rule 16(b)(3(A), a scheduling order must, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED.R.CIV.P. 16(b)(3)(A).  The deadline for amending pleadings in the pretrial scheduling order "assures that at some point ... the pleadings will be fixed." Fed.R.Civ.P. 16(b) Advisory Committee Notes to the 1983 Amendment; *see also Harrison,* 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). According to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the

judge's consent." The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence"); *see Prince v. Aiellos*, Civ. No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010)).

Plaintiff clearly filed her motion seeking leave to file a Second Amended Complaint out of time. Pursuant to the Court's January 25, 2022 Scheduling Order, Plaintiff was required to file any motion to amend the pleadings by April 25, 2022. As noted above, at no point did the Court modify this deadline nor did the parties request a modification of same. Plaintiff filed her present Motion to Amend on December 20, 2023—approximately one year and eight months after the expiration of the January 25, 2022 Scheduling Order's deadline. Given Plaintiff's late filing, before the Court considers her motion to amend under the liberal amendment standards set forth in Rule 15(a)(2), the Court must first determine whether Plaintiff has met the more demanding "good cause" standard set forth in Rule 16(b)(4).

The Court has broad "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, *6 (D.N.J. Oct. 27, 2006). Whether good cause exists depends on the diligence of the moving party. Rule 16(b) advisory committee's note; *Hutchins v. United Parcel Service, Inc.*, Civ. No. 01-1462 WJM, 2005 WL 1793695, *3 (D.N.J. July 26, 2005). The movant may establish good cause by demonstrating that "their delay in filing the motion to amend

stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Phillips*, 2006 WL 306945, at *6 (quoting *Newton v. Dana Corp. Parish Div.*, Civ. No. A. 94-4958, 1995 WL 368172, *1 (E.D.Pa. June 21, 1995) (internal quotation marks and citation omitted)).

Plaintiff does not address Rule 16(b)(4) in her motion to amend. To be clear, Plaintiff has made no effort to try to explain why there is good cause to modify the April 25, 2022 deadline set by the Court for Plaintiff, or any party, to file motions to amend pleadings and consider her motion to amend now. Nevertheless, the Court now, *sua sponte*, considers whether good cause exists under the circumstances presented.

Plaintiff states, "[A]dditional facts have been discovered that lead to the necessity of filing a second amended complaint." (Pl.'s Mov. Br., at 3; Docket Entry No. 97-2). However, Plaintiff neither provides nor expounds on these additional facts. In fact, comparing Plaintiff's First Amended Complaint with her proposed Second Amended Complaint, Plaintiff fails to incorporate any additional and/or new facts into her Second Amended Complaint and rather, reasserts the same facts alleged in her First Amended Complaint unmodified and in their entirety. (*Compare* Pl.'s First Am. Compl., at ¶¶ 14-340; Docket Entry No. 41, *with* Pl.'s Second. Am. Compl., at ¶¶ 14-340; Docket Entry No. 97-4). Indeed, Plaintiff, in her Second Amended Complaint, asserts two new claims under NJLAD based upon the same facts alleged in her First Amended Complaint; facts that, at the very least, have been known to Plaintiff since January 19, 2022. (*See* Pl.'s Second Am. Compl., at ¶¶ 446-76; Docket Entry No. 97-4). "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Speed Info. Tech., Inc. v. Sapido Tech.*, Inc., Civ. No. 12-3040, 2016 WL 1610781, at *5

11

(D.N.J. Apr. 21, 2016) (citing *Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd.*, 148 Fed.Appx. 82, 85 (3d Cir. 2005)).  That is the case here.

Considering that Plaintiff's proposed NJLAD claims are based upon the same facts known and alleged by Plaintiff in her First Amended Complaint, Plaintiff unequivocally had ample knowledge, time, and opportunity to move to amend her complaint prior to the April 25, 2022 deadline.  A deadline that the parties were aware of and made no request to modify.  (*See* Docket Entry No. 43).

The Court, therefore, finds no basis to excuse Plaintiff's decision to wait approximately one year and eight months (604 days) after the expiration of the Court's January 25, 2022 Scheduling Order's deadline—April 25, 2022—to file her motion to amend. Further, as noted above, Plaintiff makes no effort to explain her delay.  Plaintiff's motion seeking leave to file a Second Amended Complaint is denied.

### C.  Federal Rule of Civil Procedure 15(a)(2)

While the Court's conclusion to deny Plaintiff's motion to amend under Rule 16(b)(4) is dispositive, the Court also notes that even if good cause had existed to permit the motion to be heard now, Plaintiff's motion would still be denied for undue delay.

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The decision to grant leave to amend is left within the discretion of the district court.  *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009).  To ensure that claims will be decided on the merits rather than on technicalities, the Third Circuit has shown a strong liberality in allowing amendments under Rule 15. *Dole v. Arco Chemical Co.*, 921

F.2d 484, 487 (3d Cir. 1990).  Pursuant to the factors set out in *Foman v. Davis,* leave to amend must be granted in the absence of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman*, 371 U.S. at 182).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  Delay alone, however, does not justify denying a motion to amend.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate.  *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).  While the undue prejudice criterion looks to the effect of amendment on defendants, undue delay assesses the plaintiff's reason for not seeking to amend sooner. *See id.*

Courts in this circuit have denied motions to amend based solely on undue delay when a long delay was unexplained.  *See Lorenz v. CSX Corp.,* 1 F.3d 1406 (3d Cir. 1993) (affirming denial to amend where the district court made no finding of prejudice but leave to amend was filed nearly two years after the prior amendment); *see also USX Corp. v. Barnhart,* 395 F.3d 161 (3d Cir. 2004) (affirming denial of leave to amend on the ground of unreasonable delay where the movant waited more than three years to amend).

Plaintiff has failed to adequately explain her decision to wait approximately one year and eight months (604 days) after the expiration of the Court's April 25, 2022 deadline to file her

13

motion for leave to amend. Considering that Plaintiff's Second Amended Complaint simply reasserts without alteration the same facts incorporated in the First Amended Complaint, Plaintiff knew of the relevant facts and allegations that form the basis of her newly proposed NJLAD claims as of January 19, 2022—the filing date of her First Amended Complaint. Plaintiff was also aware of each proposed defendant and their alleged conduct, having named and detailed same in her First Amended Complaint. Hence, all of the requisite facts and parties that form the basis of Plaintiff's proposed amendments, including her new NJLAD claims, were known to Plaintiff well before April 25, 2022. Plaintiff therefore had an abundance of time and knowledge to move for leave to file her proposed Second Amended Complaint prior to the April 25, 2022 deadline. There is simply no reason why Plaintiff took approximately one year and eight months after the expiration of the deadline to move to amend.

When the Court evaluates a motion to file for leave to amend for undue delay, the court considers whether the movant offers "adequate justification" for the delay. *Goow v. Wittig,* 558 F. App'x 257, 260 (3d Cir. 2001). The Third Circuit has denied motions for leave to amend when there has been no reasonable explanation for the delay provided by the moving party. *See Cureton,* 252 F.3d at 274 (District Court determined and Third Circuit upheld denial of amendment where "no reasonable explanation" was provided to explain the delay). Plaintiff here has provided no reasonable explanation for her delay in filing her Motion to Amend.

Consequently, even if the Court had determined that there was good cause to consider Plaintiff's motion now, which it did not, the motion would be denied for undue delay.

Considering Plaintiff has neither shown good cause nor adequately explained her undue delay, the Court refrains from engaging in a detailed futility analysis of Plaintiff's proposed Second

14

Amended Complaint.  However, the Court briefly considers whether Plaintiff's proposed Second Amended Complaint's Count Six (Violations of N.J.S.A. 10:5-1, *et. seq.*, race discrimination "), insofar as it relates to the Amended Employee Defendants, is facially futile.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

15

Count Six of Plaintiff's proposed Second Amended Complaint asserts a claim pursuant to NJLAD for race discrimination as to all Defendants, including the NJ Judiciary and the Amended Employee Defendants; Count Seven asserts a claim pursuant to NJLAD for aiding-and-abetting as to the Amended Employee Defendants.

The New Jersey Supreme Court has found that individuals, including supervisors, may be liable under the NJLAD only insofar as they aid or abet an employer's discrimination, and not for their direct acts. *See Cicchetti v. Morris Cnty. Sheriff's Off.*, 947 A.2d 626, 645 (N.J. 2008) ("[I]ndividual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the 'aiding and abetting' mechanism that applies to 'any person.'") (citing N.J. Stat. Ann. § 10:5-12(e)).  In other words, individual liability for supervisors under NJLAD may only arise from aiding-and-abetting conduct. *See O'Toole v. Tofutti Brands, Inc.*, 203 F.Supp.3d 458, 467 (D.N.J. Aug. 26, 2016) (citations omitted).  Being that the Amended Employee Defendants are all alleged individual employees of the NJ Judiciary and former supervisors of Plaintiff, Plaintiff's Count Six of her Second Amended Complaint is therefore impermissible, duplicative and futile, insofar as it relates to the Amended Employee Defendants.

Finally, the Court notes that this matter is at the end of written discovery, advancing to depositions and expert discovery.  (*See* Docket Entry No. 104).  To afford Plaintiff leave to file her Second Amended Complaint—which seeks to reinstate the previously dismissed Individual Defendants under new claims of liability—at this stage of the litigation would demand a resurgence of written discovery, contravening the Court's interest in expeditious resolutions of proceedings and prejudicing Defendant NJ Judiciary. *See* FED.R.CIV.P 1 (stating that "[the Federal

Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### III. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion to Amend is **DENIED.** An appropriate Order follows.

Dated: May 9, 2024

                                             **s/ Tonianne J. Bongiovanni**
                                             TONIANNE J. BONGIOVANNI
                                             United States Magistrate Judge