NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LYRESHIA BONDS,** | |
| **Plaintiff,** | **Civil Action No. 19-18983 (GC) (TJB)** |
| **v.** | |
| | **MEMORANDUM & ORDER** |
| **NJ JUDICIARY ADMINISTRATION OF THE COURT,** *et al.* | |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

Before the Court is Plaintiff Lyreshia Bonds' ("Plaintiff") Motions for Reconsideration of the Court's May 8, 2024 Letter Order, denying Plaintiff's request to compel Defendant NJ Judiciary Administration of the Court ("Defendant" or the "NJ Judiciary") to respond to certain interrogatories and requests for production (Docket Entry No. 106) and of the Court's May 9, 2024 Memorandum Opinion and Order (Docket Entry Nos. 107 and 108), denying Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket Entry No. 97). (Docket Entry Nos. 113 and 115.) Plaintiff's Motions for Reconsideration are opposed by Defendant NJ Judiciary. (Docket Entry Nos. 121 and 122.) The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motions. The Court considers the motions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's Motions for Reconsideration are **DENIED**.

## I.    LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are governed by Local Civil Rule 7.1(i). *Weston v. Subaru of Am., Inc.*, Civ. No.

20-5876, 2022 WL 18024222, at *7 (D.N.J. Dec. 31, 2022).  It is well established that a motion for reconsideration is to apply in extremely limited circumstances.  *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000); *see also A.K. Stamping Co. Inc., v. Instrument Specialties Co. Inc.*, 106 F.Supp.2d 627, 662 (D.N.J. 2000) (internal citations and quotations omitted) ("The extraordinary remedy of reconsideration, pursuant to . . . Local Civil Rule 7.1, is to be granted sparingly."); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) ("[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").  Thus, a motion for reconsideration must be denied "where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan,* 111 F. Supp. 2d at 549*; see, e.g., Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument.").

In a motion for reconsideration, the movant bears the burden of establishing either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available;[1] or (3) it is necessary to correct a clear error of law or prevent a manifest injustice.  *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999). To be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 92 (3d Cir. 1992).  A manifest injustice is "an error in the trial court that is direct, obvious, and observable."  *Antonio-Villalba v. Hollingsworth*, Civ. Nos. 12-7779, 12-7836, 2013 WL 5592367, at *2 (D.N.J. Oct. 13, 2013).

---

[1] For example, Plaintiff's discovery responses dated March 10, 2023, and Plaintiff's letter dated December 20, 2023, were previously available yet not submitted to the Court.  (Docket Entry No. 114.)

Consequently, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776, 2009 WL 301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992)).  That is, motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. National Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 613 (D.N.J. 2001) (emphasis in original).

II.    **DISCUSSION**[2]

The Court presumes the parties' familiarity with the history of this action and includes herein only background relevant to the instant motions.

A.    **PROCEDURAL CONSIDERATION: LOCAL CIVIL RULES 7.1 AND 7.2**

Of note, (1) Plaintiff has submitted Affidavits detailing arguments of fact in support of her Motions for Reconsideration; (2) Plaintiff's briefs (Docket Entry Nos. 113-2, 115-2, and 123) and Defendant's brief (Docket Entry No. 122)  appear to deviate from the requirements of Local Civil Rule 7.2(b) and (d); and (3) Plaintiff has submitted two Reply Briefs in support of her Motions for Reconsideration.  *See* L.CIV.R. 7.2(a) (stating that argument of the facts and the law shall not be contained in affidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746); *see also* L.CIV.R. 7.2(b) and (d) (discussing the page length, font size, and font type for briefs submitted in support of or in opposition to motions for reconsideration); *see also*

---

[2] In her motions for reconsideration, Plaintiff has raised a multitude of issues unrelated to the issue of reconsideration of the Court's prior decisions, including but not limited to, recusal, timeliness of decisions, impartiality, accountability, and animus.  Given the narrow standard of review that governs motions for reconsideration, the Court neither considers nor addresses these issues and addresses only Plaintiff's requests for reconsideration.

L.Civ.R. 7.1(d)(3) (stating that no reply briefs shall be filed in the context of motions for reconsideration, unless permitted by the Court).  In her Reply Briefs, Plaintiff has requested leave from the Court to file same.  Despite the excess pagination in and impermissibility of the foregoing submissions, considering that no objections have been raised by either party, the Court shall permit and consider all briefs, affidavits, and reply briefs.

**B. Plaintiff's Motion For Reconsideration of the Court's May 8, 2024 Letter Order.**

**i. Background and Procedural History**

On May 8, 2024, the Court entered an extensive Letter Order addressing a myriad of discovery issues, including Plaintiff's requests to compel the NJ Judiciary to answer a multitude of interrogatories and requests for production.  (Letter Order of 05/08/2024; Docket Entry No. 106) ("Letter Order of 05/08/2024").  In its Letter Order, the Court recited the long and tortured history of these discovery issues, highlighting that the same dated back to July 2022 and have been discussed at length with and by the parties and the Court through various letters, conferences, and letter orders.  (*Id.* at 1-14.)  After analyzing each of Plaintiff's 18 interrogatories and 15 Requests for Production that were the subject of the dispute, the Court denied Plaintiff's requests to compel Defendant to answer and/or further respond to said discovery.  (*See generally, id.* at 14-40.)

On May 17, 2024, Plaintiff filed her present Motion for Reconsideration of the Court's May 8, 2024, Letter Order.  In her motion, Plaintiff asks the Court to reconsider its ruling pertaining to a multitude of discovery requests. Briefly, the discovery requests and Plaintiff's accompanying arguments include:

- General Arguments: The Court's decision contravenes law in the following manners: (1) it imposes unnecessary limitations on discovery, especially a Title VII action; (2) it fails to recognize that the relevant period for discovery will pre-date the employment discrimination and plaintiff's hiring date and will extend beyond the employment

discrimination and plaintiff's termination date; and (3) it sustained boilerplate objections raised by Defendant. (Pl.'s Reply Br., at 2-4; Docket Entry No. 123) ("Pl.'s Reply Br. at D.E. 123").

- <u>Interrogatory 27:</u> The Court erroneously ruled that Defendant is excused from communicating the subjects of knowledge possessed by non-parties affiliated with it in violation of the Federal Rules of Civil Procedure.[3] (Pl.'s Reply Br. at D.E. 123, at 5-6.)

- <u>Plaintiff's Second Set of Interrogatories:</u> Plaintiff's Second Set of Interrogatories was submitted in an attempt to comply with prior Court directives and does not constitute a "fishing expedition."[4] (Pl.'s Mov. Br., at 8-11; Docket Entry No. 113-2) ("Pl.'s Mov. Br. at D.E. 113-2")

- <u>Interrogatories Nos. 30, 31, 32, and 33:</u> The Court erred by failing to recognize Defendant's obligations in responding to Interrogatories Nos. 30, 31, 32, and 33 under the Federal Rules of Civil Procedure. (Pl.'s Reply Br. at D.E. 123, at 6-7.)

- <u>Interrogatories Nos. 51, 52, 53, 54, and 56:</u> The Court erred by allowing Plaintiff's document requests to serve as a proxy to Interrogatories Nos. 51, 52, 53, 54, and 56 in violation of the Federal Rules of Civil Procedure. (Pl.'s Reply Br. at D.E. 123, at 7.)

- <u>Interrogatories Nos. 51, 52, 53, and 54:</u> The Court erred in denying Plaintiff's requests by citing to the public accessibility of the documents at issue. (Pl.'s Reply Br. at D.E. 123, at 8-9.)

---

[3] Plaintiff's brief states "Interrogatory No. 26" and cites to page fifteen (15) of the Court's May 8, 2024, Letter Order. (Pl.'s Reply Br. at D.E. 123, at 5.) However, the Court's Letter Order did not address Interrogatory No. 26, and page fifteen (15) of the Court's May 8, 2024, Letter Order discusses Interrogatory No. 4. As such, considering the nature of Plaintiff's arguments, the Court interprets that the above argument pertains to Interrogatory No. 27.

[4] The Court notes that it did not direct Plaintiff to serve the Second Set of Interrogatories. The Court, during the January 18, 2023, discovery conference, instructed the parties that many of Plaintiff's interrogatories—including Interrogatory No. 27—appeared overbroad and needed to be narrowed. (Letter Order of 05/08/2024, at 13.) In the ensuing months, the Court repeatedly instructed Counsel that Plaintiff was not permitted to serve interrogatories on non-parties in accordance with the Federal Rules of Civil Procedure. (*See* Docket Entry Nos. 76 and 87.) In its November 13, 2023, Letter Order, the Court directed the parties to provide supplemental briefing regarding an outstanding issue pertaining to Interrogatory No. 27. (Letter Order of 11/13/2023, at 5-6; Docket Entry No. 87.) In response, in addition to her supplemental briefing, Plaintiff supplemented Interrogatory No. 27 by serving her Second Set of Interrogatories on Defendant. (Letter Order of 05/08/2024, at 7.)

- Interrogatory No. 57:  The Court erred in finding that Interrogatory No. 57 was objectionable because Plaintiff did not "reference[] specific infractions nor define[] the term infraction."  (Pl.'s Reply Br. at D.E. 123, at 9-10.)

- Requests for Production Nos. 48 and 49:  The Court erred in citing to privacy concerns and in applying a summary judgment/trial comparator standard that does not apply at the discovery phase of the litigation. The Court failed to appreciate the more liberal relevancy standard during discovery as it relates to comparators.  (Pl.'s Reply Br. at D.E. 123, at 10-12.)

- Requests for Production Nos. 58, 59, 60, 62, and 64: The Court's reliance on the public accessibility of the documents implicated by Plaintiff's discovery ignores the fact that settlement agreements are not publicly accessible.  (Pl.'s Reply Br. at D.E. 123, at 12.)

- Request for Production No. 61:  The Court erred in finding that Request for Production No. 61 was overbroad and duplicative. (Pl.'s Reply Br. at D.E. 123, at 12-13.)

- Requests for Production Nos. 67, 68, 69, and 70:  The Court erred in finding that Requests for Production Nos. 67, 68, 69, and 70 were overbroad, duplicative, and unduly burdensome. (Pl.'s Reply Br. at D.E. 123, at 13.)

On June 17, 2024, Defendant filed its Opposition to Plaintiff's Motion for Reconsideration. (Docket Entry No. 122.)  Defendant contends that Plaintiff has failed to satisfy the requirements for a motion for reconsideration, as Plaintiff has failed to put forth that either (1) there was a change in the law; (2) new evidence emerged; or (3) there was a mistake of law.  (Def.'s Opp'n Br., at 13-14; Docket Entry No. 122) ("Def.'s Opp'n Br. at D.E. 122"). Defendant further argues that (1) Plaintiff is not compliant with discovery and therefore is not entitled to compel discovery, and that (2) Plaintiff impermissibly conflates and includes the within litigation with a New Jersey Superior Court action. (*Id.* at 14-16.)

ii.    **Initial Consideration: Potential Mootness of Discovery Issues Pertaining to Comparator and Similarly Situated Individuals**

As to the discovery relating to comparators and similarly situated individuals,[5] Plaintiff states that she previously communicated to the Court, via her letter brief submitted in support of her Motion to Compel Discovery (Docket Entry No. 96-2), that the parties previously agreed to exchange this discovery and that the NJ Judiciary would provide Plaintiff the discovery pertaining to comparators and similarly situated individuals.  (Pl.'s Mov. Br. at D.E. 113-2, at 3.)  Yet, despite this alleged agreement and as Plaintiff had not received the discovery at the time she submitted her request to compel discovery, Plaintiff included these discovery requests as a part of her prior briefing to the Court.  (*See generally,* Docket Entry No. 96-2.)  As Plaintiff states, she has an active matter pending before the New Jersey Superior Court, Somerset County ("State Action"), in which she is suing the NJ Judiciary.  (Pl.'s Mov. Br. at D.E. 113-2, at 3.)  In the State Action, Plaintiff maintains that the Superior Court Judge ordered the NJ Judiciary to turn over comparator and similarly situated information and therefore, the discovery issues pertaining to comparator and similarly situated individuals previously pending before the Court were moot.[6]  (*Id.*)

_____

[5] Based upon Plaintiff's briefs, the Court interprets that the discovery pertaining to comparators and similarly situated individuals includes: Plaintiff's Interrogatories Nos. 51, 52, 53, 54, 56, and 57, and Plaintiff's Requests for Production Nos. 48, 49, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, and 70. (Pl.'s Mov. Br. at D.E. 113-2, at 4-5.)

[6] The Court notes that Plaintiff did not attach an Order from the New Jersey Superior Court Judge to her previous submissions, nor has she attached an Order to her current Motion for Reconsideration.

In opposition, Defendant emphatically disagrees with Plaintiff's position, disputing that any agreement and/or order existed and that any holdings in the State Action are wholly inapplicable and unrelated to the present matter. [7]  (Def.'s Opp'n Br. at D.E. 122, at 13-16.)

In further support of her position and in rebuttal to Defendant's opposition, Plaintiff provides correspondences, regarding comparator discovery, (1) between Plaintiff's counsel and the NJ Judiciary's former counsel and (2) by the NJ Judiciary's current counsel addressed to the New Jersey Superior Court and submitted in the State Action.  (Ex. B to Pl.'s Mov. Br.; Docket Entry No. 113-3); (Ex. N to Pl.'s Reply Br.; Docket Entry No. 123-5.)  While the correspondences reflect a dialogue between counsel concerning the prospective exchange of discovery pertaining to comparator and similarly situated individuals in the State Action, neither indicate a clear agreement or order specifying the exact requests—specifically, discovery requests propounded in the within action—that the NJ Judiciary agreed to or was ordered to respond to.  In fact, according to Deputy Attorney General Antonio Bonanni, Esq., former counsel of the NJ Judiciary in the State Action, the NJ Judiciary certifies to the following understanding of the State Action events:

- At the conference [held on November 21, 2023], which was mediated by Judge Ballard, Plaintiffs' counsel requested that at-the-time appointed mediator Frank Custode, Esq. be removed as the mediator and that further settlement conferences be conducted by Judge Ballard. Judge Ballard indicated that Plaintiffs' counsel shall file a formal request for the removal of the mediator, which will then be granted.

- The parties agreed that no serious settlement discussion can be had without Plaintiffs depositions. Judge Ballard expressed that defendants

---

[7] The NJ Judiciary further argues that any discovery exchanged in this matter is governed by a Discovery Confidentiality Order (Docket Entry No. 35) ("DCO"), which prohibits any party from using discovery from this matter in the State Action. (Def.'s Opp'n Br. at D.E. 122, at 15-16.) The NJ Judiciary cites a fear that Plaintiff is impermissibly disclosing information, subject to the DCO, to persons outside of this matter. (*Id.*)  Plaintiff opposes the NJ Judiciary's arguments and request, contending in part that the NJ Judiciary's request is improperly raised in an Opposition.  (Pl.'s Reply Br. at D.E. 123, at 15.)  The Court agrees and does not address the NJ Judiciary's request in considering Plaintiff's Motions for Reconsideration.

should produce relevant comparator evidence but left it to the parties to work out the parameters of such production.

- Plaintiffs' counsel was to submit email search terms, which was not to be limited to Plaintiffs' last names, which are far too common and to add more relevant search parameters. She was also to provide HIPAA forms previously requested by the Defendants.

- Following the conference, on December 11, 2023, my colleague, DAG Christopher Chiaccio [former counsel of the NJ Judiciary in the within federal action] inquired with Plaintiffs' counsel as to what exactly she needs by way of the "comparator evidence." Plaintiffs' counsel responded by directing defendants to sixty-nine interrogatories and sixty-five document requests scattered over written discovery directed at the Judiciary and numerous individual defendants. See email attached as Exhibit A. The requested discovery was both of dubious relevance and patently overly broad and unduly burdensome.

- As to the ESI terms searches proposed by Plaintiffs' counsel, they included various iterations of each Plaintiffs' name in addition to various generic terms. See Terms Search protocol proposed by Plaintiff's counsel attached hereto as Exhibit B. As such, the terms searches were too vague. Moreover, the requested time period dates back to 1995, a clearly irrelevant and unreasonable time frame.

(Ex. N to Pl.'s Reply Br., Cert. of Antonio Bonanni, Esq., ¶¶ 5-10; Docket Entry No. 123-5.)

Accordingly, based on the record presented, Plaintiff's contention that the discovery issues relating to comparators and similarly situated individuals were moot at the time the Court rendered its May 8, 2024, decision appears to be inaccurate.[8]   The Court therefore shall substantively address Plaintiff's request for reconsideration in its entirety.

---

[8] The Court notes that it has not received any correspondences from the parties as to the status of discovery in the State Action during the pendency of Plaintiff's Motion for Reconsideration.

### iii.  __Analysis__

The Court is unpersuaded by Plaintiff's arguments and finds that reconsideration is not warranted.  In its May 8, 2024, Letter Order, the Court outlined the long history of the discovery issues and the expansive nature of Plaintiff's discovery requests.  After reciting this extensive history, and prior to substantively addressing each of Plaintiff's discovery requests, the Court instructed that, "Despite the Court's guidance, it is apparent that Plaintiff has misunderstood the extent to which she was/is permitted to exceed the normal bounds of discovery." (Letter Order of 05/08/2024, at 14.)   As noted in the May 8, 2024, Letter Order, "The Court has broad discretion in deciding discovery disputes." (*Id.* at 9) (citing *United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017)).  The Court utilized said discretion in considering whether to allow the discovery and relief requested by Plaintiff.  (*Id.* at 9.)  Pertinently, pursuant to authority in this circuit, the Court detailed that parties have no obligation to produce documents that do not exist, and unless shown to be inaccurate, courts have held that representations by counsel indicating that all responsive documents have been produced and/or that no additional documents exist are sufficient to establish the same. (*Id.* at 10) (citations omitted.) Continuing, the Court explained that while discovery rules are generally given a broad and liberal reading, the scope of discovery does have ultimate and necessary boundaries. (*Id.* at 11.) As detailed in its May 8, 2024, Letter Order:

> Pursuant to Rule 26(b)(2)(C), the court may limit discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. FED.R.CIV.P. 26(b)(2)(C).
> "[A] discovery request may be denied if, after assessing the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden

or expenses imposed as a consequence of the proposed discovery." *Takacs v. Union County,* Civ. Action No. 08-711, 2009 WL 3048471, at *1 (D.N.J Sept. 23, 2009); *see also Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999). "The purpose of this rule of proportionality is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Takacs,* 2009 WL 3048471, at *1 (*citing Bowers v. National Collegiate Athletic Assoc.,* 2008 WL 1757929, at *4 (D.N.J. 2008)); *see also Leksi, Inc. v. Federal Ins. Co.,* 129 F.R.D. 99, 105 (D.N.J. 1989); *Public Service Group, Inc. v. Philadelphia Elec. Co.,* 130 F.R.D. 543, 551 (D.N.J. 1990).

(Letter Order of 05/08/2024, at 11-12.)

In exercising its discretion, the Court found that many of Plaintiff's requests as drafted—in the context and history of this action, and after multiple conferences and discovery rulings—were and continued to be voluminous, unduly burdensome, overbroad, inefficient, duplicative, satisfied, disproportionate to the needs of the case, irrelevant, and/or contrary to the Court's prior discovery rulings.   The Court also found that Plaintiff's failure, after nearly two years, to confer with Defense counsel regarding an ESI protocol militated against granting Plaintiff's, the movants, request(s) to compel Defendant to respond and/or further respond to her expansive discovery requests.[9]   In sum, the Court reached its conclusions after considering, *inter alia*, Plaintiff's discovery requests, the arguments raised in support of and in opposition to Plaintiff's discovery requests, the extreme volume of Plaintiff's discovery requests, Defendant's discovery production

---

[9] Plaintiff states that she provided ESI terms to Defendant in December 2023.  (Pl.'s Mov. Br., at 6); (*see* Ex. E to Pl.'s Mov. Br.; Docket Entry No. 113-3.) This confirms that an ESI protocol, approximately two years after Plaintiff propounded her discovery requests and nearly one year after the January 18, 2023, discovery conference, was not in place at the time Plaintiff requested the Court to compel discovery and at the time the Court rendered its May 8, 2024, ruling. Nevertheless, Plaintiff states that Defendant has been unresponsive to her search terms and/or has failed to confer with her Counsel concerning the ESI Issue.  (Pl.'s Mov. Br., at 6.)  Though, in a letter dated June 21, 2024, that was submitted in the State Action, Defense Counsel states that the parties have agreed on revised ESI Search Terms.  (Ex. N to Pl.'s Reply Br.; Docket Entry No. 123-5.)  If any ESI issues remain outstanding in the within action, the Court shall address same at a status conference to be set by the Court.

to date, the history of discovery and discovery disputes in this action, and the prior guidance as well as rulings rendered by the Court. Stated differently, after assessing the totality of circumstances, the Court ultimately exercised its authority to guard against unduly burdensome, overbroad, inefficient, duplicative, and/or disproportionate discovery and, in many instances, found that the burden or expense of the discovery—relative to this action—outweighed its likely benefit. *See Takacs*, 2009 WL 3048471, at *1 (D.N.J Sept. 23, 2009); *see also Bayer AG.,* 173 F.3d at 191. In her present motion for reconsideration, Plaintiff has failed to demonstrate that this standard, analysis and/or discretion employed by the Court is erroneous under the law or by the emergence of new evidence not previously available. Nor has Plaintiff demonstrated that reconsideration is necessary to prevent a manifest injustice, as there is no error that is "direct, obvious, and observable." *Antonio-Villalba*, 2013 WL 5592367, at *2. Consequently, the Court maintains that it acted within its discretion denying Plaintiff's requests to compel discovery; discovery that was, either in part or in its entirety, otherwise proper subjects of inquiry. *See Takacs,* 2009 WL 3048471, at *1 (*citing Bowers,* 2008 WL 1757929, at *4); *see also Leksi, Inc.*, 129 F.R.D. at 105; *see also Public Service Group, Inc.,* 130 F.R.D. at 551. Plaintiff was not entitled to the relief sought, i.e., an order compelling Defendant to respond to and/or further respond to specific discovery requests as they were drafted.

Moreover, many of Plaintiff's arguments essentially ask the Court to analyze the same facts and cases it had already considered in reaching its original decision. For the aforementioned reasons and considerations, the Court determined that Plaintiff has well exceeded the permissible bounds of discovery with her blunderbuss discovery requests and that, after nearly two years,

multiple conferences, and multiple letter orders, limitations were warranted.[10] Plaintiff clearly disagrees with the Court's rulings. However, a motion for reconsideration is not the proper procedural mechanism to address and/or express such a disagreement. Rather, such contentions should be raised in the ordinary appellate process to the District Court. *Tehan,* 111 F. Supp. 2d at 549*; see, e.g., Morris*, 938 F. Supp. at 278 ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument.").

Therefore, the Court is unpersuaded by Plaintiff's arguments and does not find that reconsideration of its May 8, 2024, Letter Order is warranted. Plaintiff's Motion for Reconsideration of the Court's May 8, 2024, Letter Order (Docket Entry No. 113) is **DENIED.**

---

[10] In her briefs, as to the January 18, 2023, discovery conference, Plaintiff states, "I never gave the Court a transcript because I did not know there was a transcript. The Court, during, the January 18, 2023, meeting, stated that we were not on the record. So[,] all of this time[,] I did not know there was a transcript." (Pl.'s Mov. Br. at D.E. 113-2, at 7); (*See* Affidavit of Desha Jackson, Esq., at 7 ¶ 4; Docket Entry No. 113.) However, the Court notes that the public docket entry of the January 18, 2023, discovery conference conspicuously reads: "Minute Entry for proceedings held before Magistrate Judge Tonianne J. Bongiovanni: Telephone Conference held on 1/18/2023. Discovery hearing held. **Rulings made on the record.** A status update regarding production is to be submitted by 3/31/2023. (jem) (Entered: 01/19/2023)." (Minute Entry of 01/18/2023; Docket Entry No. 60) (emphasis added.) In fact, the accompanying hyperlink to Docket Entry No. 60 is a formal document memorializing the minutes of the proceedings, which explicitly states that the discovery conference was digitally recorded and held before the Honorable Tonianne J. Bongiovanni, U.S.M.J. (*Id.*) Specifically, the formal document includes the appearances of counsel, the nature of the proceedings, the time commenced, the time adjourned, and the total time of the conference. (*Id.*) The Court is therefore unconvinced that Plaintiff was unaware of the fact that the January 18, 2023, discovery conference was held on the record. Additionally, the Court does not consider Plaintiff's Counsel's alleged notes of the January 18, 2023, conference, as it is plainly not newly discovered evidence that was previously unavailable to Plaintiff. (Ex. H. to Pl.'s Mov. Br.; Docket Entry No. 113-3.) Notwithstanding this fact, the Court is neither able to ascertain the content of Plaintiff's Counsel's handwritten notes nor moved that these notes defeat the Court's findings that were made on the record.

**C.  PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 9, 2024, OPINION AND ORDER.**

### i.  Background and Procedural History

On May 9, 2024, the Court entered a Memorandum Opinion and Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint ("Motion to Amend").  (Docket Entry Nos. 107 and 108.)  In its Memorandum Opinion, the Court recited the relevant background and procedural history of the instant action, noting in part that the Court—after Plaintiff had filed her First Amended Complaint—entered a revised Scheduling Order on January 25, 2022, in which it set a deadline to file any motions to amend the pleadings, April 25, 2022.  After analyzing Plaintiff's motion under Local Civil Rule 15.1 and Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2), the Court found that:

(1) Pursuant to Local Civil Rule 15.1, Plaintiff's motion was procedurally deficient for failing to attach "a form of the amended pleading that indicates in what respects it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining material to be added[,]" (Mem. Op. of 05/09/2024, at 8-9);

(2) Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff failed to establish "good cause" to modify the April 25, 2022 deadline and excuse her decision to file the Motion to Amend approximately one year and eight months after the expiration of the April 25, 2022 deadline, (*id.* at 9-12);

(3) Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff provided no reasonable explanation for her undue delay in filing her Motion to Amend and, insofar as Count Six of the Second Amended Complaint related to the Amended Employee Defendants, same was facially futile, (*id* at 12-16); and

(4) Pursuant to Federal Rule of Civil Procedure 1, "[t]o afford Plaintiff leave to filer her Second Amended Complaint at this stage of the litigation would demand a resurgence of written discovery, contravening the Court's interest in expeditious resolutions of proceedings and prejudicing Defendant NJ Judiciary[,]" (*id.* at 16-17).

14

For these reasons, the Court denied Plaintiff's Motion to Amend.  On May 18, 2024, Plaintiff filed her Motion for Reconsideration of the Court's May 9, 2024, Opinion and Order. (Docket Entry No. 115.)  Plaintiff argues the following:

- Format of Proposed Second Amended Complaint: Plaintiff maintains that the format of her proposed Second Amended Complaint was sufficient, as she submitted "new proposed counts and no new facts." (Pl.'s Mov. Br. at D.E. 115-2, at 2-3, 15) ("Pl.'s Mov. Br. at D.E. 115-2").

- Good Cause:  Plaintiff argues that the Court erred in finding that Plaintiff failed to establish "good cause."  Plaintiff maintains that good cause exists due to a change of circumstances.  That is, good cause exists due to the fact that the District Court dismissed her tort claims and thereby, dismissed the individual defendants from the action. Plaintiff now seeks to reinstate the individual defendants in this action under her proposed NJLAD claims, as she previously "did not have a need to articulate individual claims under the NJLAD until after the Individual Defendants were dismissed by Order of the District Court." (Pl.'s Mov. Br. at D.E. 115-2, at 2-3); (Pl.'s Reply Br., at 3-4; Docket Entry No. 124) ("Pl.'s Reply Br. at D.E. 124").

- Undue Delay: Plaintiff contends that delay is not an issue in this case, as there is currently no trial pending in this matter, additional facts have been discovered that lead to the necessity of the filing of a Second Amended Complaint, and neither the Court nor Defendant will face any burdens due to the filing of the Second Amended Complaint.[11] (Pl.'s Mov. Br. at D.E. 115-2, at 5-6.)

- Futility:  Plaintiff proffers that her proposed new claims are not clearly futile, as the individual defendants may be held liable under an aiding and abetting theory of liability.  (Pl.'s Mov. Br. at D.E. 115-2, at 6-13); (Pl.'s Reply Br. at D.E. 124, at 4-5.)

- Unopposed Nature of Motion: Plaintiff asserts that her Motion to Amend was unopposed and could have been granted due to it being unopposed. (Pl.'s Mov. Br. at D.E. 115-2, at 2-3.)

---

[11] Plaintiff, in raising her argument concerning undue delay, claims that "additional facts have been discovered that lead to the necessity of the filing of a Second Amended Complaint." (Pl.'s Mov. Br. at D.E. 115-2, at 6.) However, Plaintiff repeatedly contradicts this statement, expressly stating in both her moving and reply briefs that no new facts have been added in or to her proposed Second Amended Complaint. (*Compare* Pl.'s Mov. Br., at D.E. 115-2, at 6, *with* Pl.'s Mov. Br., at D.E. 115-2, at 3, 15, *and* Pl.'s Reply Br. at D.E. 124, at 3.)

- <u>Discovery:</u> Plaintiff argues that the Court erred when it concluded that the proposed amendments would necessitate a "resurgence of written discovery," since the Second Amended Complaint does not include new facts. (Pl.'s Reply Br. at D.E. 124, at 5-6.)

On June 17, 2024, Defendant filed its Opposition to Plaintiff's Motion for Reconsideration. (Docket Entry No. 121.) Defendant contends that Plaintiff has failed to satisfy the requirements for a motion for reconsideration, as Plaintiff has failed to set forth that either (1) there was a change in the law; (2) new evidence emerged; or (3) there was a mistake of law. (Def.'s Opp'n Br., at 4-8; Docket Entry No. 121) ("Def.'s Opp'n Br. at D.E. 121"). Specifically, Defendant posits that Plaintiff, by her own admission, concedes that there are no new facts giving rise to amend the complaint nor to reconsider the Court's Opinion and Order. (*Id.* at 6.)

## ii.    **Analysis**

The Court is unpersuaded by Plaintiff's arguments and does not find that reconsideration is warranted. Since Plaintiff has neither set forth a change in the law to warrant reconsideration nor provided any new evidence not previously available for the Court's consideration, Plaintiff's request for reconsideration is seemingly premised on the basis that the Court must correct a clear error of law or prevent a manifest injustice. Plaintiff has failed to show that the Court made a mistake of law in reaching its decision to deny her Motion to Amend or that reconsideration is necessary to prevent a manifest injustice.

To the extent that Plaintiff contends that the procedural deficiency of her Motion to Amend pursuant to Local Civil Rule 15.1 is insignificant or that such a procedural rule is somehow inapplicable to her prior motion, the Court's Memorandum Opinion provided pointed legal authority explicitly rejecting such arguments. (Mem. Op. of 05/09/2024, at 8.) Indeed, Plaintiff has provided no legal authority or legal bases establishing that the legal authority cited by the Court

was a mistake of law.  Even so, Plaintiff states that denying her motion based on a procedural defect constitutes a manifest injustice.  Yet, the Court did not deny Plaintiff's Motion to Amend merely due to a procedural deficiency.  Rather, in its Opinion, the Court stated, "Plaintiff's motion may be denied on this procedural defect [failure to comply with Local Civil Rule 15.1(a)(2)] alone."  (*Id.* at 9.)  The Court then determined that Plaintiff's Motion to Amend must also be denied pursuant to Federal Rules of Civil Procedure 16, 15, and 1.

Regarding Rule 16, Plaintiff has failed to show that the Court erred in finding that "good cause" did not exist to warrant leave to file the Second Amended Complaint. In its Opinion, the Court primarily found that Plaintiff—approximately one year and eight months after the expiration of the January 25, 2022, Scheduling Order's deadline to file motions to amend the pleadings— filed her Motion to Amend, in which she reasserted the same facts alleged in her First Amended Complaint unmodified and in their entirety.  By and through its own comparative analysis of Plaintiff's First and Second Amended Complaints, the Court determined that Plaintiff was seeking to assert two new NJLAD claims against the individual defendants previously dismissed by the District Court.  As Plaintiff's proposed NJLAD claims were based upon the same facts known and alleged by Plaintiff in her First Amended Complaint, the Court concluded that Plaintiff had ample knowledge, time, and opportunity to move to amend her complaint prior to the April 25, 2022, deadline set forth in the Court's revised Scheduling Order.   As detailed by the Court, "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." (Mem. Op. of 05/09/2024, at 11-12) (citing case law). Thus, the Court held that good cause did not exist to excuse Plaintiff's delay in filing her Motion to Amend and warrant leave to file her Second Amended Complaint.

Indeed, Plaintiff, in her present motion, appears to strengthen the Court's findings. As Defendant notes, Plaintiff concedes that she has in fact added no additional facts to her proposed Second Amended Complaint. (*See* Pl.'s Mov. Br., at D.E. 115-2, at 3, 15) (stating that no previous facts were changed and that no new facts were added to the proposed Second Amended Complaint); *(see also* Pl.'s Reply Br. at D.E. 124, at 2-3) (contending that a change in procedural posture, not facts, prompted the filing of Plaintiff's motion.) This confirms that Plaintiff had knowledge of all relevant and potential facts needed to assert her NJLAD claims at the time she filed her First Amended Complaint and well in advance of the April 25, 2022, deadline. Yet, Plaintiff claims that good cause exists due to the fact that the District Court dismissed the individual defendants from the action after the April 25, 2022, deadline, in turn, "motivating" Plaintiff to pursue the individual defendants—who were no longer parties to the case—under a different theory of liability. (Pl.'s Reply Br. at D.E. 124, at 2-4.) Plaintiff proffers that the Court ignores the fact that she did not have "a need to articulate" individual claims under the NJLAD until after the Individual Defendants were dismissed by the District Court, which occurred after the expiration of scheduling deadline. (*Id.* at 3-4.) However, the fact that Plaintiff deliberately sat on her rights and decided to move for leave to file her proposed Second Amended Complaint, with her newly proposed NJLAD claims, only when it became "necessary" and tactically convenient upon the District Court's dismissal of the individual defendants does not constitute "good cause" or a reasonable justification for her delay. Undisputedly having had knowledge of all relevant facts and binding deadlines well in advance of both the expiration of said deadlines and the filing of her Motion to Amend, Plaintiff made a conscientious and deliberate decision not to include the NJLAD claims in this federal action; NJLAD claims that, as Plaintiff states, "are inextricably

intertwined with [her] Title VII Claim[s]" and based upon the same facts as her First Amended Complaint.[12]  (Pl.'s Mov. Br. at D.E. 115-2, at 13-14.)

Similarly, Plaintiff has failed to show that the Court erred in finding that, pursuant to Rule 15(a)(2), Plaintiff's Motion to Amend would be denied for undue delay.  As the Court previously stated, "Courts in this circuit have denied motions to amend based solely on undue delay when a long delay was unexplained."  (Mem. Op. of 05/09/2024, at 13) (citations omitted.)  "When the Court evaluates a motion to file for leave to amend for undue delay, the court considers whether the movant offers "adequate justification" for the delay." (*Id.* at 14) (citation omitted.)  The Court concluded that "Plaintiff here has provided no reasonable explanation for her delay in filing her Motion to Amend."  (*Id.*)   For the same reasons provided above and pertaining to Rule 16, the Court is unconvinced by Plaintiff's arguments that it erred in reaching such a conclusion.  Plaintiff has neither shown a mistake in law nor established an adequate justification for her excessive, undue delay.

---

[12] In fact, based on a review of the docket, the Court dismissed any remaining Title VII claims against all Individual Defendants in its November 17, 2021 Memorandum Order (Docket Entry No. 37), prior to the filing of Plaintiff's First Amended Complaint (Docket Entry No. 41), Defendant's subsequent Motion to Dismiss (Docket Entry No. 47), and the District Court's Opinion and Order granting the same (Docket Entry Nos. 61 and 62).  In light of the District Court's November 17, 2021 decision and having had all relevant facts at the time she filed her First Amended Complaint, the fact that Plaintiff failed to include said NJLAD claims in her First Amended Complaint and/or move for leave to amend her Complaint prior to expiration of the April 25, 2022 deadline further supports the Court's prior May 9, 2024 Opinion.  While the Plaintiff argues that she did not have a need to file her Motion to Amend until after the District Court dismissed her IIED and Negligence claims against the Individual Defendants (Docket Entry Nos. 61 and 62), there is simply no reasonable justification for her decision and delay to file her Motion to Amend at this stage in the litigation and approximately one year and eight months after the expiration of the April 25, 2022 deadline, especially considering Plaintiff's knowledge in conjunction with, as Plaintiff contends, the NJLAD claims' nexus to her action.

The Court therefore maintains it did not err in denying Plaintiff's Motion to Amend pursuant to Rule 16(b)(4) for failing to establish "good cause" and/or Rule 15(a)(2) for failing to provide a reasonable explanation for the undue delay.

Regarding futility, Plaintiff's arguments mischaracterize the Court's decision.  The Court, in its Opinion, explicitly stated that it refrained from expounding on a detailed futility analysis and only considered whether Count Six of Plaintiff's proposed Second Amended Complaint, insofar as it relates to the Amended Employee Defendants, was facially futile.  (*Id.* at 14-15.)  The Court did not find that Count Seven of Plaintiff's proposed Second Amended Complaint—raised pursuant to NJLAD for aiding and abetting as to the Amended Employee Defendants—was futile. As Count Seven was limited to all individual employee defendants and based on the NJLAD aiding and abetting theory of liability, the Court determined that Count Six—which was asserted against all defendants, including the NJ Judiciary and all individual employee defendants, and based on NJLAD, Race Discrimination—was duplicative and futile, insofar as it related to the Amended Employee Defendants.   The Court finds that it did not err in making this limited finding, as Plaintiff demarcated the aiding and abetting NJLAD theory of liability under a separate and independent cause of action that was limited to the proposed individual defendants.

Lastly, Plaintiff's arguments regarding the unopposed nature of her prior motion and the status of discovery are unconvincing to warrant reconsideration.  As the Court set forth in its Opinion, "The decision to grant leave to amend is left within the discretion of the district court." (Mem. Op. of 05/09/2024, at 12) (citation omitted); *see Great W. Min. & Min. Co. v. ADR Options, Inc.*, 882 F. Supp. 2d 749, 764 (D.N.J. 2012), *aff'd*, 533 F. App'x 132 (3d Cir. 2013) ("The decision to grant leave to amend is left within the discretion of the district court[ ]").  The fact that Plaintiff's motion was unopposed does not limit the Court's ability to assess the permissibility of the same,

especially when the motion seeking to amend a pleading is filed after the expiration of the governing scheduling deadline. *See* FED.R.CIV.P. 15(a)(2) ("The Court should freely give leave when justice so requires"); *see also* FED.R.CIV.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also Tordella v. Cnty. of Cape May, Bd. of Chosen Freeholders*, Civ. No. 18-15101, 2021 WL 3562895, at *3 (D.N.J. Aug. 12, 2021) ("[T]he fact that neither party specifically names Rule 16 [n]or its required good-cause showing does not preclude the Court from applying that standard to plaintiff's motion to amend.")  The Court exercised said discretion in considering whether to permit amendment of the pleadings at this stage of the litigation, upon the untimely filing of Plaintiff's Motion to Amend, and pursuant to the applicable legal standards.

In doing so, the Court concluded its Opinion by noting that to afford Plaintiff leave to file her Second Amended Complaint—considering the totality of circumstances and with written discovery reaching a close—would demand a resurgence of written discovery, contravening the Court's interest in expeditious resolutions of proceedings and prejudice. (Mem. Op. of 05/09/2024, at 16-17.)  As discussed at length above and in previous decisions, despite the Court's guidance and prior findings, this matter has a protracted history of written discovery.  In light of this history, the untimely nature of Plaintiff's filing and the present stage of the litigation, the Court holds that it did not err in reaching the foregoing conclusion.  Plaintiff clearly disagrees.  However, as mentioned, a motion for reconsideration is not the proper procedural mechanism to address and/or express such a disagreement.

Thus, for the foregoing reasons, the Court does not find that reconsideration of its May 9, 2024, Memorandum Opinion and Order is warranted.  Plaintiff's Motion for Reconsideration of the Court's May 9, 2024, Opinion and Order (Docket Entry No. 115) is **DENIED.**

## **CONCLUSION**

For the reasons set forth above, and for good cause shown,

**IT IS** on this _26th_ day of _December_ 2024,

**ORDERED** that Plaintiff's Motion for Reconsideration of the Court's May 8, 2024, Letter Order (Docket Entry No. 113) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Reconsideration of the Court's May 9, 2024, Opinion and Order (Docket Entry No. 115) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court terminate Docket Entry Nos. 113 and 115.

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**