**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

May 21, 2026

**LETTER ORDER**

Re:     **Bonds v. NJ Judiciary Administration of the Court, et al.**
         **Civil Action No. 19-18983 (GC)**

Dear Counsel:

Pending before the Court is Plaintiff Lyreshia Bonds' ("Plaintiff") Motion to Compel Discovery (Docket Entry No. 156) and her request for an extension of the discovery end date (Docket Entry No. 160).  Defendant NJ Judiciary Administration of the Court ("Defendant") opposes both applications.[1] (Docket Entry Nos. 157, 161.)  The Court has considered all arguments raised in support of and in opposition to Plaintiff's applications.  Plaintiff's applications are decided without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b).

The Court has broad discretion in deciding discovery disputes. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey v. Pfeiffer*, Civ. No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving

---

[1] In opposition to Plaintiff's request to extend the discovery deadline, Defendant does not consent to a broad extension of the discovery deadline to November 30, 2026. (Docket Entry No. 161 at 1.)

discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]"). The Court exercises said discretion in deciding the present applications.

In her Motion to Compel Discovery, Plaintiff states that she "seeks a narrowly tailored modification of th[e] [June 7, 2021, Discovery Confidentiality] Order to permit the use of specific comparator materials consisting of documents concerning the Chantel Powell EEO complaint against supervisor Anne Rizzi, at depositions and at trial." (Docket Entry No. 156-3, "Pl.'s Br." at 1.) However, as Defendant highlights in its opposition, Plaintiff's primary focus is on the discoverability of comparator evidence and this Court's prior discovery ruling made in its May 8, 2024, Letter Order. (*Id.* at 3-8; Docket Entry No. 157, "Opp'n Br." at 1-2.) Thus, Plaintiff also requests that the Court reconsider its prior ruling (Docket Entry No. 106, "Letter Order of 05/08/2024") and compel complete responses to Interrogatories Nos. "67, 68, 69, 70," as well as Requests for Production ("RFPs") Nos. 48, 49 or, in the alternative, permit use of the comparator documents already produced under the existing confidentiality designations at depositions and trial.[2] (Pl.'s Br. at 7-8; Docket Entry No. 158, "Pl.'s Reply Br." at 4-5.) In addition to her formal Motion to Compel Discovery, Plaintiff has filed letters regarding discovery in the New Jersey state court action and in support of her request for an extension of the discovery deadlines.[3] (Docket

---

[2] As Defendant highlights, interrogatories numbered 67, 68, 69, or 70 were never presented to the Court for consideration. (Opp'n Br. at 7 (citing Docket Entry No. 157-1, Obradovic Cert. ¶ 7); *see generally* Letter Order of 05/08/2024 (addressing Interrogatories Nos. 4, 13, 27, 30, 31, 32, 33, 36, 37, 38, 41, 48, 51, 52, 53, 54, 56, 57).) The Court did address RFPs numbered 67, 68, 69, and 70. (Letter Order of 05/08/2024 at 39-40.) The Court therefore interprets Plaintiff's request to relate to the foregoing RFPs.

[3] The New Jersey state court action is *Lane, et al. v. State of New Jersey, et al.*, SOM-L-1228-21 (N.J. Super. Ct. Law Div.) (the "State Action").

Entry Nos. 159, 160, 162, 163.)

Regarding Plaintiff's request to modify this matter's governing Discovery Confidentiality Order ("DCO") "to permit the use of specific comparator materials consisting of documents concerning the Chantel Powell EEO complaint against supervisor Anne Rizzi[] at depositions and at trial[,]" Plaintiff's request is **DENIED without prejudice**.  Pursuant to Local Civil Rule 37.1(a)(1), "Counsel shall confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. This presentation shall precede any formal motion." L. Civ. R. 37.1(a)(1).  Plaintiff is directed to confer with Defendant concerning any proposed modification.  As Defendant proffers, this request, if narrowly tailored, "is not in itself objectionable and can be done consistent [with] the DCO[.]" (Opp'n Br. at 1.)  Plaintiff has not identified the documents or information for which she seeks relief.  As Defendant does not appear to object to a narrow modification of this action's DCO, a meet-and-confer may prove fruitful prior to formal motion practice. **By June 30, 2026**, the parties shall submit an update as the status of their efforts.  Specifically, the parties should confer regarding the use of information governed by the DCO during depositions.

Plaintiff's request to reconsider this Court's prior ruling and compel further production of documents, including those pertaining to alleged comparator information, from the Defendant in this litigation is **DENIED**.  By Letter Order dated May 8, 2024, the Court denied Plaintiff's request to compel Defendant to answer or further respond to the related discovery requests.  Plaintiff moved for reconsideration of the Court's Letter Order (Docket Entry No. 113), which was denied in an extensive decision (Docket Entry No. 129, "Op. of 12/26/2024").[4]

---

[4] In addition to seeking reconsideration, the Court notes that, pursuant to Local Civil Rule 72.1(c)(1), Plaintiff had the opportunity to appeal the undersigned's determinations on discovery and/or reconsideration to the District Judge.  Local Civil Rule 72.1(c)(1) provides:

3

Here, at the threshold, Plaintiff's present request for reconsideration is untimely. *See* L. Civ. R. 7.1(i) ("a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge."). The Court may deny Plaintiff's request on this basis alone. *Schlafly v. Eagle F.*, Civ. No. 17-2522, 2020 WL 2790519, at \*6 (D.N.J. May 30, 2020) (noting that "courts within this district routinely deny untimely . . . Local Civil Rule 7.1(i) motions[,] and that "the Third Circuit has upheld the denial of untimely . . . Local Civil Rule 7.1(i) motions." (collecting cases)). Even so, to the extent that Plaintiff relies upon newly discovered evidence in support of her request, such evidence has not been specifically identified. *See Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ("The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."). Rather, Plaintiff broadly claims that Defendant has produced relevant comparator information in the State Action. (*See* Pl.'s Br. at 7; Docket Entry No. 159; Docket Entry No. 160 at 2; Docket Entry No. 162 at 2; Docket Entry No. 163 at 2.) Such broad, vague, and conclusory assertions are insufficient to warrant reconsideration. Nor is the Court persuaded by Plaintiff's current arguments that It's prior ruling to deny her request to compel discovery responses from Defendant—specifically related to RFPs 48, 49, 67, 68, 69, 70—was erroneous. Plaintiff argues that reconsideration is warranted "[b]ecause the Court's earlier decision rested on Defendant['s] claim of inability to identify comparators, and that claim has now

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order, unless a motion for reargument of the matter pursuant to L.Civ.R. 7.1(i) has been timely filed and served, in which case the time to appeal will begin to run when the parties are served with a copy of the Magistrate Judge's order rendering a determination on the merits of such a motion.

L. Civ. R. 72.1(c)(1)(A). Plaintiff ultimately did not appeal the undersigned's Orders.

been disproven[.]" (Pl.'s Br. at 7; *see also* Pl.'s Reply Br. at 4-5.)  As Defendant contends, Plaintiff's arguments fail to recognize the full scope of the Court's prior decision. (Opp'n Br. at 7-8.)  Taking into consideration the long history of this action's discovery issues and the expansive nature of Plaintiff's discovery requests, the Court found, *inter alia*, that Plaintiff's discovery requests were overbroad, unduly burdensome, impermissibly vague and ambiguous, duplicative, and speculative to answer. (Letter Order of 05/08/2024 at 29-30, 32-34, 39-40; *see also* Op. of 12/26/2024 at 11-13.)  The Court further found that Plaintiff's discovery requests, at times, were facially irrelevant, disproportionate to the needs of the case, exceeded the scope of permissible discovery, and raised privacy concerns which Plaintiff failed to adequately address. (Letter Order of 05/08/2024 at 33-34; *see also* Op. of 12/26/2024 at 11-12.)  As it found in denying Plaintiff's initial request for reconsideration, the Court maintains that it acted within its discretion in "denying Plaintiff's requests to compel discovery; *discovery that was, either in part or in its entirety, otherwise proper subjects of inquiry*." (Op. of 12/26/2024 at 12 (emphasis added) (citations omitted).)  The Court finds no reason here to revisit its prior discovery ruling, which has already been reconsidered at length.[5]

Lastly, to be clear, the State Action and this Federal Action[6] are two distinct and separate matters, which have been proceeding as such.  In this 2019 Federal Action, this Court has

---

[5] Briefly, the Court also finds that the exhibit attached to Plaintiff's Motion to Compel Discovery is unavailing to warrant reconsideration.  The exhibit appears to be a partial excerpt of a filing made in the State Action, which has been submitted here with the little to no context. (Docket Entry No. 156-4, Ex. A.)  Nevertheless, in reviewing the exhibit, the same offers general recitations of Defendant's discovery production in the State Action, including production related to unnamed non-party employees, that was allegedly made pursuant to orders entered in the State Action. (*Id.*; Opp'n Br. at 9.)  As submitted, the Court finds that Plaintiff's exhibit fails to warrant reconsideration of this Court's prior Orders.

[6] This federal action, *Bonds v. NJ Judiciary Administration of the Court, et al.*, Civ. No. 19-18983 (D.N.J.), is herein referred to as the "Federal Action."

5

conducted numerous discovery conferences and issued a multitude of discovery rulings related to written discovery. Those rulings govern this matter and remain in full force and effect. In this action, written discovery is reaching its close, and the parties are proceeding to depositions. (*See* Docket Entry Nos. 140, 143.) Therefore, in its broad discretion and at this stage of the litigation, the Court shall not coordinate or co-mingle this Federal Action with the separate State Action.

The Court, however, notes that pursuant to Rule 26(e)(1), parties have an ongoing obligation to supplement their disclosures and produce relevant material. Fed. R. Civ. P. 26(e)(1). Discovery deadlines are set to afford time for production and review of written material before depositions commence. As Plaintiff presently possesses discovery that she wishes to produce in this action, the Court shall afford her a final opportunity to produce the same prior to the commencement of depositions. Since depositions have not begun, Plaintiff shall be afforded time to produce additional written discovery. By **June 30, 2026**, all document discovery, by either party, must be produced.

The Court recognizes that the documents at issue were produced in a separate state litigation, seemingly pursuant to an independent DCO entered in that matter. If necessary, relief from the State DCO must therefore be sought from the State court. That is, Plaintiff must first obtain approval from the State court to produce or rely upon the information here.[7] If Plaintiff produces additional written discovery in this Federal Action, Defendant may present any objections to said production at that time. The Court makes no findings as to the admissibility or use of the documents at this juncture.

---

[7] The Court appreciates that Defendant produced the documents at issue in the State Action. However, if the document production in the State Action was governed by a separate DCO, the Court here cannot presume that production in this Federal Action would be compliant with the court order that governed discovery production in the State Action, i.e., the underlying process that served as the means by which Plaintiff came into possession of the documents at issue.

After production, the parties are to confer regarding the sequencing and dates for depositions. A proposed deadline for the completion of depositions is to be submitted by **July 17, 2026**. If unable to agree on a deposition schedule, each party shall submit their witness list with proposed dates for each deposition. The discovery deadlines will be extended as warranted.

The Clerk's Office is directed to terminate Docket Entry No. 156. The Clerk's Office is also directed to reinstate this matter to the Court's active docket.

**IT IS SO ORDERED.**

s/ Tonianne J. Bongiovanni
**HON. TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

7