NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LYRESHIA BONDS, | |
| **Plaintiff,** | **Civil Action No. 19-18983 (GC) (TJB)** |
| v. | |
| NJ JUDICIARY ADMINISTRATION OF THE COURT, *et al.*, | **MEMORANDUM OPINION** |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

Pending before the Court is Plaintiff Lyreshia Bonds' ("Plaintiff") Motion for Reconsideration of the Court's May 21, 2026, Letter Order (Docket Entry No. 164, "Letter Order of 05/21/2026"), denying Plaintiff's Motion to Compel Discovery (Docket Entry No. 156, "Motion to Compel Discovery"), along with other associated relief. (Docket Entry No. 165, "Pl's Br.") Defendant NJ Judiciary Administration of the Court ("Defendant") opposes Plaintiff's motion. (Docket Entry Nos. 170, 171.) The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion. Plaintiff's motion is decided without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action has a protracted and tortured history of discovery. The Court presumes the parties' familiarity with the history of this action and as such, includes herein only background relevant to the instant motion. For a more detailed recitation of this action's history, the Court relies upon its prior decisions. (Docket Entry Nos. 106, 129.)

1

On May 8, 2024, the Court entered a Letter Order addressing a plethora of discovery issues; issues that dated back to July 2022 and that had been discussed at length through various letters, conferences, and letter orders. (Docket Entry No. 106 at 1-14; Docket Entry No. 129 at 4.) On May 17, 2024, Plaintiff timely filed a Motion for Reconsideration of the Court's May 8, 2024, Letter Order, which Defendant opposed.[1] On December 26, 2024, the Court denied Plaintiff's Motion for Reconsideration. (Docket Entry No. 129.) In denying reconsideration, the Court found in pertinent part:

> In exercising its discretion, the Court found that many of Plaintiff's requests as drafted—in the context and history of this action, and after multiple conferences and discovery rulings—were and continued to be voluminous, unduly burdensome, overbroad, inefficient, duplicative, satisfied, disproportionate to the needs of the case, irrelevant, and/or contrary to the Court's prior discovery rulings. The Court also found that Plaintiff's failure, after nearly two years, to confer with Defense counsel regarding an ESI protocol militated against granting Plaintiff's, the movants, request(s) to compel Defendant to respond and/or further respond to her expansive discovery requests.[] In sum, the Court reached its conclusions after considering, *inter alia*, Plaintiff's discovery requests, the arguments raised in support of and in opposition to Plaintiff's discovery requests, the extreme volume of Plaintiff's discovery requests, Defendant's discovery production to date, the history of discovery and discovery disputes in this action, and the prior guidance as well as rulings rendered by the Court. Stated differently, after assessing the totality of circumstances, the Court ultimately exercised its authority to guard against unduly burdensome, overbroad, inefficient, duplicative, and/or disproportionate discovery and, in many instances, found that the burden or expense of the discovery—relative to this action—outweighed its likely benefit. *See Takacs*, 2009 WL 3048471, at *1 (D.N.J Sept. 23, 2009); *see also Bayer AG.,* 173 F.3d at 191. In her present motion for reconsideration, Plaintiff has failed to demonstrate that this standard, analysis and/or discretion employed by the Court is erroneous under the law or by the emergence of new evidence not previously available. Nor has Plaintiff demonstrated that reconsideration is necessary to prevent a manifest

---

[1] Prior to Plaintiff filing her Motion for Reconsideration, the Court addressed and denied what, in its view, was an informal request for reconsideration submitted by Plaintiff. (Docket Entry No. 109.) In its decision, the Court highlighted that "Plaintiff may raise any claims of disagreement in the ordinary appellate process to the District Court in accordance with Fed.R.Civ.P. 72(a) and L.Civ.R. 72.1(c)." (*Id.* at 4.)

> injustice, as there is no error that is "direct, obvious, and observable." *Antonio-Villalba*, 2013 WL 5592367, at \*2. Consequently, the Court maintains that it acted within its discretion denying Plaintiff's requests to compel discovery; discovery that was, either in part or in its entirety, otherwise proper subjects of inquiry. *See Takacs,* 2009 WL 3048471, at \*1 (citing *Bowers,* 2008 WL 1757929, at \*4); *see also Leksi, Inc.*, 129 F.R.D. at 105; *see also Public Service Group, Inc.,* 130 F.R.D. at 551. Plaintiff was not entitled to the relief sought, i.e., an order compelling Defendant to respond to and/or further respond to specific discovery requests as they were drafted.

(*Id.* at 11-12 (footnote omitted).)  A subset of Plaintiff's discovery requests related to comparator discovery.  Moreover, in its decision, the Court once more stated, "Plaintiff clearly disagrees with the Court's rulings. However, a motion for reconsideration is not the proper procedural mechanism to address and/or express such a disagreement. Rather, such contentions should be raised in the ordinary appellate process to the District Court." (*Id.* at 13 (citations omitted).)  Plaintiff did not file a timely appeal of the Court's May 8, 2024, Letter Order or the Court's December 26, 2024, Memorandum Order.

From January 2025 to July 2025, the parties continued to progress through paper discovery and advance towards fact depositions. (Docket Entry Nos. 130, 133, 135, 136, 140, 143.)  Then, in September 2025, this matter was administratively stayed on consent until January 2026, due to Plaintiff's counsel's health concerns. (Docket Entry Nos. 144, 147, 148, 153.)  On January 23, 2026, the Court entered an Order extending the fact discovery deadline to April 30, 2026, and directing Plaintiff's counsel to submit a further update regarding her ability to resume work. (Docket Entry No. 155.)  On February 6, 2026, Plaintiff filed a Motion to Compel Discovery, which Defendant opposed. (Docket Entry Nos. 156, 157.)  While her motion was pending, Plaintiff filed multiple letters regarding discovery in a New Jersey state court action, *Lane, et al. v. State of New Jersey, et al.*, SOM-L-1228-21 (N.J. Super. Ct. Law Div.) (the "State Action"). (Docket Entry Nos. 159, 160, 162, 163.)  On May 21, 2026, the Court entered a Letter Order, which:

- Denied without prejudice Plaintiff's request to modify this matter's governing Discovery Confidentiality Order "to permit the use of specific comparator materials consisting of documents concerning the Chantel Powell EEO complaint against supervisor Anne Rizzi[] at depositions and at trial."

- Denied Plaintiff's request to reconsider the Court's May 8, 2024, Letter Order.

- Found that this Federal Action[2] and the State Action are two distinct and separate matters, which will not be coordinated or co-mingled at this stage of the litigation.

- Permitted Plaintiff to supplement her disclosures and produce relevant discovery that is presently in her possession, pursuant to Rule 26(e)(1), by June 30, 2026.

(Letter Order of 05/21/2026 at 3-6.)  On June 2, 2026, Plaintiff filed a Motion for Reconsideration of the Court's May 21, 2026, Letter Order.[3] (Docket Entry No. 165.)  On June 22, 2026, Defendant filed an opposition to Plaintiff's motion, to which Plaintiff replied on June 30, 2026. (Docket Entry Nos. 170, 173.)

Plaintiff's Motion for Reconsideration is now ripe for resolution.

## II.    **LEGAL STANDARD**

"While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are provided for and governed by Local Civil Rule 7.1(i)." *Weston v. Subaru of Am., Inc.*, Civ. No. 20-5876, 2022 WL 18024222, at *7 (D.N.J. Dec. 31, 2022).  It is well established that a motion for reconsideration is to apply in extremely limited circumstances. *Tehan*

---

[2] This federal action, *Bonds v. NJ Judiciary Administration of the Court, et al.*, Civ. No. 19-18983 (D.N.J.), is herein referred to as the "Federal Action."

[3] On June 3, 2026, Plaintiff also filed an appeal of the Court's May 21, 2026, Letter Order. (Docket Entry No. 166.)  The Honorable Georgette Castner, U.S.D.J. terminated Plaintiff's appeal pending a decision from the undersigned on Plaintiff's present Motion for Reconsideration. (Docket Entry No. 167.)

*v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000); *see also A.K. Stamping Co. Inc., v. Instrument Specialties Co. Inc.*, 106 F.Supp.2d 627, 662 (D.N.J. 2000) ("The extraordinary remedy of reconsideration, pursuant to . . . Local Civil Rule 7.1, is to be granted sparingly." (internal quotation marks omitted)); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) ("[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."). Thus, a motion for reconsideration must be denied "where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan*, 111 F. Supp. 2d at 549; *see also Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument.").

In a motion for reconsideration, the movant bears the burden of establishing either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent a manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 92 (3d Cir. 1992). A manifest injustice is "an error in the trial court that is direct, obvious, and observable." *Antonio-Villalba v. Hollingsworth*, Civ. Nos. 12-7779, 12-7836, 2013 WL 5592367, at *2 (D.N.J. Oct. 13, 2013).

Consequently, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776, 2009 WL 301920, *5 (D.N.J. Jan.

23, 2009) (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992)). That is, motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. National Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 613 (D.N.J. 2001) (emphasis in original).

### III.   **DISCUSSION**

#### A.   **Failure to Comply with the Local Civil Rules of the District of New Jersey**

The Court notes that Plaintiff's Motion for Reconsideration substantially fails to comply with the Local Civil Rules of the District of New Jersey.

First, Plaintiff's counsel's certification deviates from Local Civil Rule 7.2(a). In pertinent part, Local Civil Rule 7.2(a) states: "Affidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents." L. Civ. R. 7.2(a). In her attorney certification, Plaintiff's counsel raises arguments as to the relevance, materiality, and admissibility of certain documents. (*See, e.g.*, Docket Entry No. 165-1, "Jackson Cert." ¶¶ 37-56.) This is facially improper. This is not the first instance in which Plaintiff's counsel has raised impermissible arguments in a certification. (*See* Docket Entry No. 129 at 3-4.) As Local Civil Rule 7.2(a) instructs, "[l]egal arguments and summations in such documents will be disregarded by the Court[.]" L. Civ. R. 7.2(a). As such, the Court disregards any such arguments as raised in the attorney certification. For future filings, Plaintiff's counsel is forewarned that continuing to raise such arguments and summations through an attorney certification "may subject the signatory to appropriate censure, sanctions or both." *Id.*

Furthermore, Plaintiff's brief filed in support of her Motion for Reconsideration well exceeds the permissible length set forth by the Local Civil Rules. Local Civil Rule 7.2(b) provides:

6

Any brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages (*15 pages for* any reply brief submitted under L.Civ.R. 7.1(d)(3) and *any brief in support of or in opposition to a motion for reconsideration submitted under L.Civ.R. 7.1(i)*), excluding pages required for the table of contents and authorities.

L. Civ. R. 7.2(b) (emphasis added).[4]  Excluding pages required for the table of contents and authorities, Plaintiff's brief amounts to thirty-five substantive pages.  "Briefs of greater length will only be accepted if special permission of the Judge is obtained prior to submission of the brief." *Id.*  Plaintiff did not obtain special permission from the undersigned prior to submitting her overlength brief in support of her motion for reconsideration. Once more, this is not the first instance in which Plaintiff has failed to comply with the requirements of Local Civil Rule 7.2(b). (*See* Docket Entry No. 129 at 3-4.)  Similarly, Defendant's opposition papers, once again, deviate from Local Civil Rule 7.2(b) by failing to comply with Local Civil Rule 7.2(d). (*Id.*)

Lastly, Plaintiff has filed reply papers in response to Defendant's opposition. (Docket Entry No. 173, "Pl.'s Reply Br.")  Pursuant to Local Civil Rule 7.1(d)(3), "[n]o reply papers shall be filed, unless permitted by the Court, relating to the following motions . . . Reconsideration under L.Civ.R. 7.1(i)." L. Civ. R. 7.1(d)(3).  Plaintiff did not obtain permission from the undersigned prior to filing her reply papers; rather, in her reply papers, Plaintiff "requests permission to file a sur-reply brief in response to Defendant's Opposition to Plaintiff's Motion for Reconsideration."

---

[4] Local Civil Rule 7.2(d) supplements Local Civil Rule 7.2(b) and provides:

Each page of a brief shall contain double-spaced text and/or single-spaced footnotes or inserts. Typeface shall be in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14). *If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent* (e.g., the 40 page limit becomes 30 pages in this font *and the 15 page limit becomes 11.25 pages*). Footnotes shall be printed in the same size of type utilized in the text.

L. Civ. R. 7.2(d) (emphasis added).

7

(Pl.'s Reply Br. at 1.)  This is procedurally improper. *See Source Search Techs., LLC v. Kayak Software Corp.*, Civ. No. 11-3388, 2014 WL 12616920, at *1 n.1 (D.N.J. Aug. 5, 2014) (striking plaintiff's reply brief where "there [was] no record that Plaintiff sought, or was given, permission to file a reply brief."); *Mercedes-Benz U.S.A. LLC v. Coast Auto. Grp., Ltd.*, Civ. No. 99-3121, 2007 WL 2164076, at *2 n.1 (D.N.J. July 25, 2007) (instructing that "th[e] Court will *not* consider any reply briefs filed in connection with a motion for reconsideration unless permission to do so is explicitly sought and granted.") (emphasis in original).

While it is within the Court's discretion to strike the overlength briefs and reply papers, the Court will not do so.  The motion will be decided on the merits.  "**[T]he parties are advised that future violation of the Local Civil Rules will result in [an] appropriate sanction.**" *Foulke v. Twp. of Cherry Hill*, Civ. No. 23-2543, 2024 WL 3568841, at *4 n.1 (D.N.J. July 29, 2024) (quoting *Certain Underwriters at Lloyd's, London v. 170 Estell Manor, LLC*, 2020 WL 1864604, at *2 n.1 (D.N.J. Apr. 14, 2020)) (emphasis added).

### B. Plaintiff's Motion for Reconsideration[5]

#### i. Discovery Confidentiality Order

At the threshold, the Court notes that Plaintiff's motion is partially moot. On June 12, 2026, Plaintiff filed a letter to the Court, in which she advised that "the parties have reached an agreement permitting the use of Ann Rizzi documents, which were previously produced in this matter, at depositions and trial." (Docket Entry No. 168 at 1.) On the same date, Defendant filed a letter in response, clarifying that Defendant "agreed that Plaintiff may use documents from the 'A.R file' in depositions only. Defendant[] did not make any agreement regarding the use of any documents at trial." (Docket Entry No. 169 at 1.) It is evident that the parties have complied with the Court's meet-and-confer instruction regarding the Ann Rizzi documents, which proved fruitful. (Letter Order of 05/21/2026 at 3.) Consequently, under the narrow scope of reconsideration,

---

[5] Plaintiff intermittently argues that she seeks revision of the Court's Orders under Rule 54(b). (Pl.'s Br. at 8-9, 10, 35.) Yet, other than citing Rule 54(b) in passing, Plaintiff provides no legal analysis or discussion addressing the applicability of Rule 54(b). (*See id.* (providing, at most, a cursory overview of Rule 54(b).) It appears that the Third Circuit has yet to address the applicability of Rule 54(b) in the context of reconsidering interlocutory discovery orders. The Court is doubtful that Rule 54(b) acts as an atemporal mechanism for reconsideration of interlocutory discovery orders, especially considering the existence of Local Civil Rule 7.1(i). *See Zitter v. Petruccelli*, Civ. No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017) (providing that Local Civil Rule 7.1(i) is the proper procedural mechanism for reconsideration in the District of New Jersey); *DiNoia v. Cumbo*, Civ. No. 12-03175, 2016 WL 183526, at *1 (D.N.J. Jan. 14, 2016) ("As a preliminary matter, Local Rule 7.1(i)'s 14-day time limit to move for reconsideration of an order likely governs Plaintiff's Rule 54(b) motion."). Nevertheless, many of the jurisdictions that view Rule 54(b) as a basis for reconsideration of interlocutory discovery orders commit the decision for reconsideration "to the discretion of the district court," as "justice requires," or apply a legal standard that mirrors the three-pronged standard that governs reconsideration in this jurisdiction. *See, e.g.*, *DL v. D.C.*, 274 F.R.D. 320, 323 (D.D.C. 2011) (applying "as-justice-requires" standard); *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."); *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (applying similar three-pronged standard to motions for reconsideration brought under Rule 54(b)). For the reasons provided herein, and in its discretion, the Court does not find that reconsideration is warranted under Rule 54(b).

Plaintiff's request is moot.  If a dispute remains as to the use of the documents at trial, the Court shall address such a dispute when it is ripe for consideration.

> ii. *The Court's May 21, 2026, Letter Order Denying Reconsideration of the Court's May 8, 2024, Letter Order*

Turning to the outstanding issues, Plaintiff requests the Court to reconsider its May 21, 2026, Letter Order, to the extent it denied Plaintiff's request to reconsider the Court's May 8, 2024, Letter Order and to compel Defendant to respond, or further respond, to discovery requests related to comparator discovery. (Pl.'s Br. at 9-34.)  For the following reasons, Plaintiff's arguments for reconsideration are unpersuasive.

> a.    Untimeliness of Request for Reconsideration

Plaintiff argues that "the requested relief is not an untimely attempt to relitigate old issues." (Pl.'s Br. at 10; *see* Pl.'s Reply Br. at 2.)  The Court disagrees.  In her own brief in support of her Motion to Compel Discovery filed on February 6, 2026, Plaintiff explicitly requested "the Court [to] reconsider its prior ruling and compel complete responses to Interrogatories [sic] 67, 68, 69, 70  & Document Production Request 48 & 49 . . . ."[6] (Docket Entry No. 156-3 at 7.)  This exact request to compel discovery responses was addressed by the Court in its discovery order entered on May 8, 2024. (Docket Entry No. 106 at 32-34, 39-40.)  Plaintiff moved to reconsider that Order, which was denied in a lengthy decision.  Plaintiff is directly attempting to relitigate old issues, which have been decided and reconsidered.  As the Court repeatedly instructed, if Plaintiff disagreed with the Court's rulings, the more appropriate procedural mechanism in which to raise such contentions was on appeal to the District Court. (Docket Entry No. 109 at 4; Docket Entry

---

[6] As the Court previously noted, "interrogatories numbered 67, 68, 69, or 70 were never presented to the Court for consideration . . . [t]he Court did address RFPs numbered 67, 68, 69, and 70." (Letter Order of 05/21/2026 at 2 n.2 (citation omitted).)  Plaintiff's request was therefore interpreted to relate to RFP Nos. 67, 68, 69, 70.

No. 129 at 13.) Plaintiff neither filed an appeal of the May 8, 2024, Letter Order nor the Court's December 26, 2024, Memorandum and Order addressing reconsideration. The Court therefore finds that it did not err in holding that, to the extent that Plaintiff's Motion to Compel Discovery requested the Court to reconsider its prior discovery ruling, such a request for reconsideration was untimely.

> b. Request for Clarification and Reconsideration Based on Specific Comparator Evidence[7]

In seeking reconsideration of the Court's May 21, 2026, Letter Order, Plaintiff does not claim that an intervening change in the controlling law has occurred. Rather, Plaintiff contends that "[she] could not have sought reconsideration because the information was not available at the time of the original ruling." (Pl.'s Br. at 11.) Plaintiff also argues that reconsideration is warranted to "address the prejudice caused by Defendant['s] misconduct." (*Id.* at 12; *see* Pl.'s Reply Br. at 2-3.)

To the extent that Plaintiff argues that reconsideration is warranted due to newly discovered evidence, such arguments are unavailing.

---

[7] It is not lost on the Court that Plaintiff is essentially "nesting" requests for reconsideration. Plaintiff's present Motion for Reconsideration (Docket Entry No. 165) is asking the Court to reconsider its decision (Docket Entry No. 164) denying her request for reconsideration that was raised in her Motion to Compel Discovery (Docket Entry No. 156). Plaintiff's request for reconsideration, as raised in her Motion to Compel Discovery, focused on the Court's May 8, 2024, discovery ruling (Docket Entry No. 106), which Plaintiff previously asked to be reconsidered (Docket Entry No. 113) and that was subsequently denied (Docket Entry No. 129). As Defendant highlights, at its core, Plaintiff's pending motion is another request for reconsideration of the Court's May 8, 2024, discovery ruling. "Each step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). The Court evaluates Plaintiff's now-third request for reconsideration with this instruction in mind.

11

As the Court reasoned:

> Even so, to the extent that Plaintiff relies upon newly discovered evidence in support of her request, such evidence has not been specifically identified. *See Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ("The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."). Rather, Plaintiff broadly claims that Defendant has produced relevant comparator information in the State Action. (*See* Pl.'s Br. at 7; Docket Entry No. 159; Docket Entry No. 160 at 2; Docket Entry No. 162 at 2; Docket Entry No. 163 at 2.) Such broad, vague, and conclusory assertions are insufficient to warrant reconsideration.

(Letter Order of 05/21/2026 at 4.)  As is apparent and undisputed, in requesting reconsideration of the Court's May 8, 2024, Letter Order for a second time, Plaintiff failed to specifically identify any new evidence in her Motion to Compel Discovery that warranted reconsideration.  Plaintiff's assertions were broad, vague, and conclusory. (*Id.*)  This was insufficient, and the Court does not find that it erred in its finding.  Now, on her present Motion for Reconsideration, Plaintiff describes specific, newly obtained documents in support of her position. (Pl.'s Br. at 14-18; Jackson Cert. ¶¶ 35-56.)  This is improper.  Plaintiff was clearly aware of these documents at the time she filed her letters supplementing her Motion to Compel Discovery (Docket Entry Nos. 159, 160, 162, 163) and prior to the Court rendering its decision.  It is inappropriate to raise any new arguments pertaining to the specifics of these documents on a motion for reconsideration.  "A motion for reargument 'is an *extremely limited* procedural vehicle' and may not be used to expand the record before the court." *Bowers*, 130 F. Supp. 2d at 613 (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J.1992)) (emphasis in original).  As mentioned, motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Id.* (emphasis in original).  "Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." *Id.*  Based on the record that was

12

developed, the Court does not find that it overlooked any matters when rendering its May 21, 2026, decision. Nor, for the reasons that follow, does the Court find that it would have reached a different conclusion, even if Plaintiff had properly raised her new arguments, or that the Court's decision must be reconsidered to prevent a manifest injustice.

In deciding Plaintiff's Motion to Compel Discovery, the Court noted that Plaintiff failed to recognize the full scope of the Court's prior decision. Specifically, the Court stated:

> Taking into consideration the long history of this action's discovery issues and the expansive nature of Plaintiff's discovery requests, the Court found, *inter alia*, that Plaintiff's discovery requests were overbroad, unduly burdensome, impermissibly vague and ambiguous, duplicative, and speculative to answer. (Letter Order of 05/08/2024 at 29-30, 32-34, 39-40; *see also* Op. of 12/26/2024 at 11-13.) The Court further found that Plaintiff's discovery requests, at times, were facially irrelevant, disproportionate to the needs of the case, exceeded the scope of permissible discovery, and raised privacy concerns which Plaintiff failed to adequately address. (Letter Order of 05/08/2024 at 33-34; *see also* Op. of 12/26/2024 at 11-12.) As it found in denying Plaintiff's initial request for reconsideration, the Court maintains that it acted within its discretion in "denying Plaintiff's requests to compel discovery; *discovery that was, either in part or in its entirety, otherwise proper subjects of inquiry*." (Op. of 12/26/2024 at 12 (emphasis added) (citations omitted).)

(Letter Order of 05/21/2026 at 5.) Despite the Court's explanation, Plaintiff's arguments continue to focus on the relevance, importance, and pertinence of comparator evidence in employment race-based discrimination cases. (Pl.'s Br. at 20-26.) The Court does not dispute the relevance of comparator evidence in employment race-discrimination cases. However, to state plainly, the Court's May 8, 2024, decision found that Plaintiff's discovery requests, under the Federal Rules, were impermissible for a multitude of reasons—many that were unrelated to grounds of relevance—each of which independently served as a basis to deny Plaintiff's request to compel discovery responses, or further responses, from Defendant. (Letter Order of 05/21/2026 at 5); *see* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is

13

relevant . . . and proportional to the needs of the case."); Fed. R. Civ. P. 26(b)(2)(C) (describing the circumstances in which "the court must limit the frequency or extent of discovery otherwise allowed by the[] [Federal Rules] or by local rule[.]").  Plaintiff has not, and has never, addressed the full scope of deficiencies that were fatal to her request to compel discovery; deficiencies that were highlighted and presented by the Court to Plaintiff prior to any formal discovery decision.[8] (*See* Docket Entry No. 106 at 12-14.)  As Defendant states, "[e]ach of the discovery flaws the court expressed remain true even two years later." (Docket Entry No. 171, "Opp'n Br." at 9.) Accordingly, the Court holds it did not err in finding that there was "no reason . . . to revisit its prior discovery ruling, which has already been reconsidered at length." (Letter Order at 05/21/2026 at 5.)

Still, while the Court would not reconsider its prior ruling which dealt with the limited issue of compelling discovery responses—or further responses—from Defendant, the Court afforded Plaintiff a final opportunity to supplement her own disclosures, pursuant to Rule 26(e)(1), with any documents presently in her possession that she deemed relevant to her federal case. (*Id.* at 6.)  Plaintiff clearly possesses documents—obtained through the State Action and that span "34,000 pages"—that she deems, either in whole or in part, relevant and materially necessary for the prosecution of her Federal Action. (Pl.'s Br. at 29.)  Despite Defendant's objection, the Court granted her the opportunity to introduce these documents into this action.  There is no apparent manifest injustice to Plaintiff here.  Plaintiff was granted the relief that she sought.  Yet, Plaintiff argues that the Court's May 21, 2026, ruling is prejudicial.  Plaintiff's arguments share a common theme: Plaintiff claims that she will be prejudiced if she is not permitted more time to review and

---

[8] Additionally, in its May 8, 2024, Letter Order, the Court afforded Plaintiff an opportunity to meet and confer with Defendant concerning Request for Production No. 48, within 14 days of the Order, to address the deficiencies identified by the Court. (Docket Entry No. 106 at 33-34.)

analyze the discovery production in the State Action; discovery production that is ongoing. (Pl.'s Br. at 14, 29, 30, 34-35.)   Plaintiff's claim of prejudice lacks merit.  As has been explained, "To be clear, the State Action and this Federal Action are two distinct and separate matters, which have been proceeding as such." (Letter Order of 05/21/2026 at 5-6.)  As Defendant argues, what Plaintiff is essentially seeking is for this Court to coordinate discovery between the State Action and Federal Action, so as to afford her the opportunity to review and potentially introduce any prospective discovery produced in the State Action into this action. (Opp'n Br. at 7-8, 12, 15; *see* Docket Entry No. 165-2, Pl.'s Not. of Mot. at 3 ¶ 9 ("We need several months to continue to review and receive the comparator information from the State.").)  The Court will not coordinate this Federal Action with the State Action so that Plaintiff can effectively circumvent discovery rulings made throughout the course of this federal litigation.  Discovery and "discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence." *Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000).  To this end, the Court stated:

> In this 2019 Federal Action, this Court has conducted numerous discovery conferences and issued a multitude of discovery rulings related to written discovery.  Those rulings govern this matter and remain in full force and effect.  In this action, written discovery is reaching its close, and the parties are proceeding to depositions. (*See* Docket Entry Nos. 140, 143.) Therefore, in its broad discretion and at this stage of the litigation, the Court shall not coordinate or co-mingle this Federal Action with the separate State Action.

(Letter Order of 05/21/2026 at 5-6.)  Plaintiff is bound by this Court's decisions.  It is clear that Plaintiff has viewed, and continues to view, this Court's May 8, 2024, discovery decision as manifestly prejudicial; a ruling that she failed to timely appeal to the District Judge despite ample notice of her right to appeal.  However, as the Third Circuit has aptly stated:

> Like much of the law, the Federal Rules of Civil Procedure are the product of compromise, seeking to balance several laudatory—and sometimes conflicting—interests, including protection of parties' rights and the

efficient administration of justice. In striking this balance, the Rules fault litigants who fail to follow their directives. So when parties deviate from them, even by mistake, they usually have to live with the consequences.

*Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206, 210 (3d Cir. 2025).  To coordinate the State Action with this Federal Action, at this stage, would flout the Federal Rules, undermine federal procedure, and inject substantial delay into this 2019 action which has yet to progress past paper discovery.

Therefore, the Court finds that reconsideration is not warranted and, given this case's protracted history of discovery, maintains that it did not err in exercising its discretion to deny coordination of this Federal Action with the State Action, to set a deadline for supplemental production, and to progress this case towards fact depositions.

### iii.   June 30, 2026, Deadline for Supplemental Production under Rule 26(e)(1)

Lastly, Plaintiff requests the Court to reconsider the June 30, 2026, deadline for supplemental production permitted under Rule 26(e)(1).[9] (Pl.'s Br. at 29.)   Plaintiff's arguments appear to hinge on the claim that any deadline would prejudice Plaintiff and result in a manifest injustice. (*Id.* at 29-30.)  According to Plaintiff:

> Plaintiff's counsel cannot reasonably review, analyze, cross-reference, identify comparators, evaluate disciplinary histories, compare treatment across employees, prepare deposition outlines, and incorporate the materials into federal discovery submissions under a compressed deadline while productions are still ongoing. Comparator analysis is not a page count exercise. Counsel must determine: which employees are similarly situated; whether the same or similar rules were involved; whether the same decision makers participated; whether the same workplace standards were applied; whether discipline was imposed, reduced, avoided, or not pursued; whether complaints were credited or ignored; whether Caucasian employees received training or leniency denied to Plaintiff; whether the employer's stated reasons are consistent with its treatment of other

---

[9] Plaintiff also requests reconsideration of "any deadline requiring Plaintiff to submit, identify, or use comparator evidence by June 20[.]" (Pl.'s Br. at 29.)  The Court did not set a deadline of June 20, 2026. (*See generally* Letter Order of 05/21/2026.)

employees; and whether additional productions alter or expand the comparator analysis.

(*Id.* (bullet points omitted).)  Plaintiff describes the Court's June 30, 2026, deadline as a punishing deadline "before the state production is complete[.]" (*Id.* at 30.)  However, Plaintiff's arguments fail to recognize an important fact.  Plaintiff has been in possession of the subject documents, at the very least, since March 2026, when she filed her letters supplementing her Motion to Compel Discovery.  That was four months ago.  In fact, in the State Action, Plaintiff filed a letter on June 18, 2026, representing that she conducted a review of the 34,000 pages. (Docket Entry No. 170-4, Ex. J at 2-3.)  Accordingly, the Court finds that its June 30, 2026, production deadline was not punishing, that Plaintiff will not suffer a manifest injustice if the deadline is maintained, and that it did not err in setting June 30, 2026, as a deadline for supplemental production.  Again, in arguing that the Court's decision will result in a manifest injustice, Plaintiff inextricably tethers her arguments to her request for the Court to coordinate this Federal Action with the State Action for the purpose of discovery.  For example, as Plaintiff proffers, "The Court should modify the schedule to allow Plaintiff a reasonable period after substantial completion of state-court discovery production to review the materials, identify relevant comparator evidence, and use that evidence in this federal action." (Pl.'s Br. at 30.)  For the reasons previously stated, the Court will not do so and does not find that reconsideration is warranted. (*See supra* Section III(B)(ii)(b).)

Nevertheless, the Court shall grant a brief extension of time to complete supplemental document production in this action.  All document discovery, by either party, must be produced by **July 30, 2026**.  After production, the parties are to confer regarding the sequencing and dates for depositions.  A proposed deadline for the completion of depositions is to be submitted by **August 13, 2026**.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is **DENIED**.  An appropriate Order follows.


Dated: July 6, 2026


        s/Tonianne J. Bongiovanni
**HON. TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**